Pearson, J.
 

 On the
 
 9th, day of January,
 
 1817, Patience Goff executed a deed by which, in consideration of natural love, and affection, she gave and conveyed to her grand-children, “ Washington and Lewis Dupree, sons of Robert and Rachel Dupree, and
 
 to the next of their heirs lawfully begotten of their bodies,
 
 (Peggy Ann Dupree only excepted,) a slave named Rose.” On the
 
 9th day of October,
 
 1817, the plaintiff, who is a child of
 
 *167
 
 the said Robert and Rachel Dupree, was born, and by this bill he claims one third of Rose and her increase.
 

 It is conceded, that no other after-born child of Robert and Rachel Dupree, except the plaintiff, qould take under this deed of gift; and his claim is put upon the ground that he was
 
 in ventre set mere,
 
 at the date of the deed, and was in contemplation of law
 
 in esse,
 
 and capable of acquiring a right of property. For, according to the calculation by the ordinary course of nature, he was conceived six days before the date of the deed, and the question is, can an atom, a thing in its mother’s womb, six days old, acquire a right of property by a common law conveyance?
 

 Such an idea may be consistent with the refinements of the civil law, or with the doctrine of uses and of executory bequests and executory devises, which is borrowed from the civil law, but is wholly at variance with the plain, direct, and tangible maxims of the common law ; and its bare suggestion would have shocked the sages of that practical system of laws, built up by immemorial usage and common custom, and having for its basis certain maxims, all of which rest upon the fundamental principle that property cannot be acquired or lost, except by some open, overt act palpable to the senses, about which there can be no mistake.
 

 Property must at all limes have an owner. One person cannot part with the ownership unless there be another person to take it from him. There must be a
 
 “
 
 grantor and a grantee, and a thing granted.” In considering the application of these maxims, the question may be disencumbered by leaving Washington and Lewis Dupree out of view, and considering the deed of gift as purporting to be made to the plaintiff. For he claims by purchase, as distinguished from descent, succession or distribution, and must make his title clear upon an independent footing, being entitled to no aid from Washington and Lewis, as-trustees for him, because there is not the slightest ground for putting them in _ that relation.
 

 Suppose a case of land, which at common law could only pass by feoffment. To whom, or to what could livery of seisen have been made? Who would have performed the services ? Or take the case of a chattel. A gift must be accompanied by
 
 actual de-
 
 liveryi To whom, or to what could the deliveiy be made"? To
 
 *168
 
 a thing six days old in its mother’s womb ? And yet, unless the right of property passed at the date of the gift, it could not pass at all, unless the donor chose afterwards to make a new gift. It is true that in conveyances to uses and in wills, which are governed by doctrines borrowed from the civil law, a great departure has been made from the maxims of the common law. For instance, a fee may be limited after a fee — a limitation over may be made in a chattel after giving a life estate — a freehold may be made to commence
 
 .in futuro,
 
 and a springing, shifting, or contingent use may be made to arise at any time afterwards, provided it be not too "remote. For inasmuch as the legal ownership passed to the trustee or the heir at law or executor, that was supposed to satisfy the rule of the common law, which requires that property should, at all times, have an owner ; and the use was left to be shifted about according to the intention of the grantor, until it became necessary that the use should draw to itself the legal estate, when it of necessity became fixed. By way of further illustration, a bequest or use limited to the children of A., passes only to such children as A. has at the time, (and we will suppose a child
 
 en ventre
 
 would be included ;) but a bequest or use limited to the children of A., after an estate to her for life, remains open, so as to take in all the children she may have at her death. And this class of cases is put on the ground, that by reason of the life estate, it does not become necessary to fix the legal ownership until the death of the taker of the first estate. Again, by way.of usé or will, a limitation over in a chattel, after a life estate, may be made. This could not be done by a common law conveyance, and can only be done now in regard to slaves by a special statute.
 

 These instances show the. difference between the rules applicable to a conveyance at common law, and a conveyance under the doctrine of uses or of wills ; and although in the latter, there is a strong inclination, we may almost say a settled rule, to treat an infant
 
 en ventre
 
 as a thing
 
 in
 
 esse, yet no case can be found,, in which
 
 it
 
 was ever so treated in a common law conveyance. Nor can it be so treated, without breaking down the maxims of the common law.
 

 “
 
 In respect of the grantee, three things are requisite : — that he be a person in being at the time of the grant made, (if he be to
 
 *169
 
 take immediately); if be be to taire by way of remainder, it is not necessary that be should be in being.” But it is necessary that he should come into being during the continuance of the particular estate, or
 
 eo instanti
 
 of its termination. Shep. Touch. 235; Coke Lit. 2, 3; Perkins, sec. 43; Touchstone, ch. 9, no. 4.
 
 u
 
 By the strict rule of law, if A. was tenant for life, remainder to his own eldest son in tail, and A. died without issue born, but leaving his wife
 
 enseint
 
 or big with child, and after his death a son was born, this son could not take by virtue of the remainder ; for the particular estate determined before there was any person
 
 in
 
 me, in whom the remainder could vest.” To remedy this, the statute 10 and-11, W. 3, allows remainders to vest in children while yet in their mother’s womb. 2 Black. Com. 169, and note. That statute is confined to remainders. There is no statute which enables
 
 children iohil&- yet in their mother’s womb,
 
 to take directly by a deed of gift at common law.
 

 “
 
 If a woman be quick with child, and by a potion killeth it in her wombpor if a man beat her, whereby the child dieth in her body, this is a great misprison, but no murder. But if the child be born alive and dieth of the potion or the battery, this is murder, for it is accounted in
 
 rerum natura,
 
 when it is bom alive. If a man counsel a woman to kill the child within her womb when it shall be born, and after she is delivered of the child she killeth it, the counsellor is accessory to the murder; and yet at the time of the counsel no murder could be committed of the child
 
 in útero matris,
 
 because it was not
 
 in rerum
 
 natura3 Coke Inst. 50. These authorities show conclusively what is the common law upon this subject, and by that this case must be decided.
 

 Mr. Moore cited several authorities. Among others, Macpher-son on Infants, and the cases there referred to, 25 Law Lib., new series, 565. They only show that in regard to the declaration and limitation of uses, and in regard to legacies, the Courts of Equity and the Ecclesiastical Courts have adopted the rule of the civil law, by which an infant
 
 en ventre
 
 is considered as
 
 bom.
 
 Among other instances given by Macpherson : — a man may surrender copyhold land immediately to the use of an infant
 
 en ven-tre sa mere, “for a surrender is a thing executory, and nothing
 
 
 *170
 

 vests before
 
 admittanceThis last expression explains that case. The title of the surrender vests in a third person until the infant is bom and becomes capable of taking an estate.
 

 We have no sort of doubt that Mrs. Goff intended all the children of Robert and Rachel Dupree (Peggy Ann excepted); without reference to the time of their birth, to be participants of her bounty; and the only regret is that she did not call upon a lawyer, who would have drawn a conveyance passing the property to a trustee, by which the uses' could haye been kept open until the death of Mrs. Dupre, so as to let in all of her children. But she chose to make a common law conveyance directly to the children ; and of course no other could take under her deed of gift except those
 
 esse,
 
 or as my lord Coke expresses it,
 
 in rerum natura,
 
 when the right of property passed' out of her, to wit, at the date of the deed of gift. The owners were then called for— it was then necessary for them to take the property. The plaintiff could not answer the call, and there is no rule of the common law, by which we can give him another day.
 

 It is unnecessary to notice the other questions.
 

 Per Curiam. Bill dismissed with costs.