STINSON POWELL ET AL. v. JUNIUS M. POWELL ET AL.

(Filed 7 April, 1915.)

**Deeds and Conveyances—Date of Execution—"Children"—Estates—Limitations.**

A grant of land directly to the children of a living person conveys the title only to those who are alive at the time of the execution of the deed, including a child then *en ventre sa mere*, it being necessary to the validity of a deed that there should be a grantee, as well as a grantor and thing granted; but where there is a reservation of a life estate in the parent or another, with limitation over to the children, the reason for this rule ceases, and all the children who are alive at the termination of the first estate, whether born before or after the execution of the deed, take thereunder.

APPEAL by plaintiff from *Cooke, J.,* at November Term, 1914, of ROBESON.

This is a proceeding for the partition of land, and the only question presented for decision depends upon the construction of a deed executed on 27 September, 1889, by William W. Powell to his son, William C. Powell, and to the children of William C. Powell, which reads as follows:

This deed, made this the 27th day of September, 1889, by William W. Powell, party of the first part, to William C. Powell and his children, parties of the second part, all of said county and State, witnesseth:

That the said William W. Powell, in consideration of the natural love and affection he has for the said William C. Powell and for his children, and for the sum of $1 to him paid, the receipt of which is hereby acknowledged, has sold and conveyed and by these presents does bargain, sell, and convey unto the said William C. Powell during the term of his natural life, and after his death to the children of the said William C. Powell, their heirs and assigns forever, the following tracts of land in said State and county:

[Description of land omitted.]

To have and to hold said land unto the said William C. Powell during the term of his natural life and after his death to his children and to their heirs and assigns forever; and in the event any child of William C. Powell shall die during the lifetime of the said William C. Powell, leaving a child or children who shall be living at William C. Powell's death, then the surviving child or children of said deceased child of William C. Powell shall have and hold to themselves, their heirs and assigns forever, the share or portion that their ancestors would have taken under this deed if she or he had survived William C. Powell.

168—36

In testimony whereof the said William W. Powell has hereto set his hand and seal the day and year first above written.

WILLIAM W. POWELL.    [SEAL]

There were six children born to William C. Powell prior to the execution of said deed and four born thereafter.

The plaintiffs contend that all the children of William C. Powell who were alive at the time of his death took the remainder in fee simple in and to said land in equal shares, and the infant defendants, Athesia Powell and Quessie Powell, and their guardian *ad litem,* make the same contention as the plaintiffs.

The defendant Junius M. Powell and wife contend that only those children of William C. Powell who were alive and in being at the time of the execution of the deed from William W. Powell to William C. Powell, towit, on 27 September, 1889, took the remainder in fee simple in and to said lands, subject to the life estate of their father, William C. Powell.

His Honor rendered judgment holding that only those who were alive and in existence at the date of the execution of the deed of William W. Powell took any interest under said deed, and the plaintiffs and the infant defendants excepted and appealed.

*E. J. Britt for plaintiffs.*
*No counsel for defendants.*

ALLEN, J.   The doctrine is well established at common law that in a conveyance to children only those children take who are living at the time of the execution of the deed, because a grantor, a grantee, and a thing granted are necessary requisites of a valid deed, and this principle has not been modified with us except in favor of a child *en ventre sa mere (Heath v. Heath,* 114 N. C., 549) ; but the rule is otherwise when the conveyance is not direct to the children and there is an intermediate life estate.

*Chief Justice Pearson* says, in *Dupree v. Dupree,* 45 N. C., 168 : "A bequest or use limited to the children of A. passes only to such children as A. has at the time (and we will suppose a child *en ventre* would be included) ; but a bequest or use limited to the children of A. after an estate to her for life remains open, so as to take in all the children she may have at her death.   And this class of cases is put on the ground that by reason of the life estate it does not become necessary to fix the legal ownership until the death of the taker of the first estate" ; and this seems to be the generally accepted doctrine.

In 24 A. and E. Enc., 394, the author says : "Where a remainder is given to a class, as, for instance, the children of a designated person, it

will be held a vested remainder unless the terms of the instrument creating it clearly show that the ascertainment of the individuals composing the class is to be postponed until the determination of the precedent estate. But such a remainder, though vested, will open to let in members of the class who may be born during the continuance of the precedent estate."

Also in Tiffany on Real Property, sec. 122 : "Where there is a remainder to a class of persons, as to children, grandchildren, issue, or brothers and sisters, all the members of the class living at the time of the testator's death, or, in case of conveyance *inter vivos;* at the time of the delivery of the instrument, take *prima facie* vested remainders, the benefit of the provision being, however, extended to others of the same class who afterwards come into being before the determination of the particular estate, the shares of those previously born being in that case proportionately diminished"; and in 2 Reeves Real Property, sec. 879 : "Where a remainder in fee is given to a fluctuating class of persons, and there are no words of survivorship or other qualification, it vests in the existing members of the class, and opens to let in other members, as they come into being or are ascertained."

In 13 Cyc., page 663, the same principle is declared : "Where property is conveyed to a certain person and his children it has been determined that no title will pass to after-born children. But where a deed creates an estate for life with remainder over to the children, the remainder will vest in children already born, subject to be opened at the birth of each succeeding child." See, also, *Adams v. Ross,* 30 N. J. L., 505; *Coursey v. Davis,* 46 Pa. St., 25, to the same effect.

We are therefore of opinion, as an intermediate life estate is conveyed in the deed under consideration, that children born after the execution of the deed take with those born prior thereto.

Reversed.