ORMAND MINING COMPANY v. GAMBRILL AND MELVILLE MILLS COMPANY et al.

(Filed 11 May, 1921.)

1. **Deeds and Conveyances—Timber—Reservation of Title—Conditions—Notice.**

A grantor of lands reserving "all wood and timber" thereon, with provision that should the grantee divide the lands into the lots the reserved right would cease "after any building is begun," is required to give a reasonable notice of the time the reservation shall expire, when no time limit therefor is specified.

2. **Same—Equity—Cloud on Title—Suits.**

Where the grantor of lands has reserved the right to the timber growing thereon, but this right to cease if the grantee divide the lands into lots and erect buildings thereon, and the grantee, after reasonable notice to cut the timber has not done so on all of the lots, his claim of right to continue the cutting as to these remaining lots is a cloud upon the grantor's title, which he may have removed in his suit for that purpose.

3. **Deeds and Conveyances—Timber Deeds—Expiration of Time Limit—Injunction—Equity.**

An order perpetually enjoining a grantee in a deed from cutting timber upon land after his right has ceased is a proper one in a suit by the owner to remove the grantee's claim of right as a cloud upon his title.

**4. Appeal and Error—Supreme Court—Equity—Bill of Peace—Pending Suits—Injunction—Statutes.**

> A judgment of the Superior Court may be modified on appeal where the plaintiff's right to remove adverse claims as a cloud upon his title to lands has been established, so as to enjoin, upon defendant's appeal, actions pending in the Superior Court involving the same equity and the same subject-matter, where the parties thereto have been made parties to the case at bar, the proceedings being in the nature of a bill of peace. C. S., 1412.

APPEAL by defendants from *Bryson, J.,* at September Term, 1920, of GASTON.

*S. J. Durham for plaintiff.*
*C. E. Whitney and A. G. Mangum for defendants.*

CLARK, C. J. The plaintiff holds under *mesne* conveyance from one Pinchback, whose deed to the plaintiff's grantor contains the following reservation: "All the wood and timber is reserved by me," with the addition that if the grantee should "divide up the land referred to into lots and begin the erection of any building on any lot, then I shall have no further right to any timber on *said lot* after any building is begun." This deed and reservation was before us in *Mining Co. v. Cotton Mills,* 143 N. C., 307, and we there held that, "Where land is conveyed in fee, with the exception of the reservation of the timber, if a time or event is specified upon which the timber must be cut, the reservation expires upon the happening of the event or expiration of the time—as here, upon beginning the 'erection of any building upon any lot.' If there is no limitation to indicate when the reservation or exception shall expire, then the grantee must give notice for a reasonable time that the grantor must cut or remove the timber agreed in his reservation, and if this is not done after such reasonable notice, then the reservation or exception falls, and all rights thereunder cease and determine." The Court further said: "Whether the right to cut timber is a grant or a reservation, it expires at the time specified. When no time is specified, a grantee of such right takes upon the implied agreement to cut and remove within a reasonable time. He has bought the timber for that purpose, whereas, when a grantor of the fee reserves or excepts the timber he is not providing for timber cutting, but reserving a right, and should be entitled to hold until this is put an end to by the grantee giving notice for reasonable time so that the grantee may elect to cut, or sell this right to another."

It is further said: "In this contract, the event upon which the reservation should terminate is stipulated for, and is when the land is

divided into lots and the erection of any building is begun on any lot, then the grantor 'shall have no further right to any timber upon the said lot,' and in that case it was held that, 'The plaintiff could not recover of the defendant, who is assignee of the reservation for timber cut on any lot before the happening of the event which it was agreed should put an end to the reservation.' "

In this action the jury have found that "the defendants have exercised their right upon the lots in question, and that the plaintiff gave the defendants notice on 29 December, 1914, to cut and remove such wood and timber as were included with said reservation; and that the time which elapsed from the date of said notice to the institution of this action (8 January, 1918), was reasonable time for such cutting and removal, and that the defendants' claim under said reservation is a cloud upon the plaintiff's title to said land."

When this matter was here before, 143 N. C., 307, a different proposition was involved. The decision in this case is in no wise contradictory to that, for not only the contingency has happened, which had not then occurred, and the jury finds that the defendants have exercised their right by cutting the timber on the lots in question which belonged to them, under the reservation, but in addition that the plaintiff gave the defendants notice and reasonable time to cut and remove the timber, and it follows that the reservation has now, lapsed, and the plaintiffs are entitled to have the cloud, cast by the reservation upon their title, removed.

The judgment of the court herein decrees that "the plaintiff is owner of the land described, and is owner of the wood and timber now thereon, and that all rights of the defendants under the reservation of the wood and timber have expired and perpetually enjoined the defendants from asserting any title or claims to said wood and timber under said reservation, and from doing any act or thing to disturb the quiet possession by the plaintiff of the said lands and the wood and timber being thereon, and from instituting any action upon a cause of action growing out of the reservation of the wood and timber against the plaintiff or its grantees." In the proceedings and judgment we find no error.

The appellee moves in this Court as a modification of the judgment in the court below that the plaintiff in the several actions enumerated in the complaint be enjoined from further prosecution of those actions, because this being an action in equity to quiet the title and the several actions therein mentioned as shown by the complaints attached as exhibits to the plaintiff's complaint in this action grow out of the timber and wood reservation herein referred to, and such actions are numerous and are based upon the interpretation of the clause of reservation in this deed.

All·the plaintiffs in those actions, as we understand it, have been made parties to the case at bar. The judgment herein is decisive of the rights of the parties in all such actions, and we think the plaintiff is entitled to such modification of the judgment in the nature of a bill of peace. Although the plaintiff has not appealed, it is proper that the Court should render such judgment as "upon an inspection of the whole record ought in law to be rendered." C. S., 1412, and notes thereto.

No error.