JOHNSON BROTHERS v. A. O. LEE AND A. W. LEE.

(Filed 21 May, 1924.)

**1. Deeds and Conveyances—Interpretation—Intent.**

The court, in interpreting a deed to lands, will give effect to the intent as gathered from the instrument construed as a whole, when not controlled by an arbitrary rule of law, and the *habendum* clause may be considered in ascertaining the true intent of the instrument.

**2. Same—Estates—Remainders.**

A conveyance of land in the premises to the grantee, his heirs and assigns, subject to limitations thereinafter set forth, with *habendum* to him for and during the period of his natural life, and after his death, to his children then living, and those who may hereafter be born to him (as set forth in a former deed in the chain of title), and covenant to the grantee and his children and their heirs and assigns; and under the former deed it appears that the fee of the grantee in the later deed appeared as set forth in the *habendum* and warranty, but that at the time of the prior conveyance the grantee was a young unmarried man: *Held*, the present deed will be construed to effectuate the intention of the parties as expressed more definitely in the *habendum* and warranty, with a life estate only to the first taker.

**3. Same—Title—Fee Simple—Contingent Remainder—Statutes.**

Where there is a deed to lands to an unmarried grantee for life, with remainder to his children, not then *in esse*, the first taker holds the legal title until the birth of children after his marriage, at which time such estate becomes vested, such remainder being contingent until the birth of a child during the existence of the freehold estate, and then vests in such child or children who would then take and hold the interest. C. S., 1738.

CONTROVERSY without action submitted on case agreed, and determined by *Daniels, J.*, at September Term, 1923, of the Superior Court of HARNETT.

From the case agreed it appears that plaintiff, having a judgment duly docketed against defendant A. O. Lee, the son, desires to enforce

same against his interest in a tract of land in said county, plaintiff claiming that same is an undivided interest in remainder after the life estate of his father, the codefendant, the latter claiming to own the land in fee simple.

It further appears that in 1884 J. B. and Charity Lee conveyed a tract of land in said county to A. W. Lee by deed in the same terms as to the estate and quantity of interest as that now contained in a deed from R. L. Godwin to A. W. Lee, A. O. Lee and others, children of A. W. Lee. That this land was sold for reinvestment under a decree of the court, and the proceeds on such reinvestment were used in purchase of the land in controversy and conveyed to A. W. Lee, etc., in terms as follows:

This deed, made this 2 October, 1909, by R. L. Godwin, unmarried, of Harnett County, North Carolina, party of the first part, to A. W. Lee, of said county and State, party of the second part:

Witnesseth: That, whereas, on 27 November, 1884, J. B. Lee and wife, Charity C. Lee, conveyed to the said A. W. Lee a certain tract of land by deed of said date, recorded in Book Q, pages 222, 223, of the records of Harnett County, to be held by him subject to such limitations as are in said deed expressed.

And whereas, at the September Term, 1919, of Harnett Superior Court, a decree was entered in a civil action entitled *A. W. Lee and Wife, L. J. Lee, v. A. O. Lee et al.,* being the children of the plaintiffs, decreeing a sale of the above-mentioned lands, and appointing N. A. Townsend and J. C. Clifford commissioners of the court, with authority to make said sale and to reinvest the funds arising from said sale in other real estate, to be held by the said A. W. Lee subject to the same limitations set forth in the above-mentioned deed.

Now, therefore, in consideration of the sum of $2,730, to the party of the first part paid by N. A. Townsend and J. C. Clifford, commissioners as aforesaid, receipt of which is hereby acknowledged, the party of the first part does hereby bargain, sell and convey to A. W. Lee, *his heirs and assigns,* subject to the limitations hereinafter set forth, a certain tract of land in Harnett County, North Carolina, in Averasboro Township, described as follows: (Description omitted.)

To have and to hold the above-described lands, to the said A. W. Lee, for and during the period of his natural life, and after his death to the children of A. W. Lee, both those now living and those that may hereafter be born to him, in fee simple, as set forth in the deed of J. B. Lee and wife, Charity C. Lee, to A. W. Lee, hereinbefore mentioned and as set forth in the decree of Harnett Superior Court hereinbefore referred to.

And the said R. L. Godwin covenants with the said A. W. Lee and his children, and their *heirs and assigns,* that he is the owner in fee of said lands, and has the right to convey the same in fee simple; that the same are free from any encumbrances, and that he will forever warrant and defend the title to the same against the lawful claims of all persons whomsoever.

In witness whereof, the said R. L. Godwin has hereunto set his hand and affixed his seal, the day and year first above written.

R. L. GODWIN.  (Seal.)

It further appears that at the time of the conveyance in 1884 from J. B. and Charity Lee, A. W. Lee was a young unmarried man without children, and later married and had children, A. O. Lee and others, who were alive at the time of said deed from R. L. Godwin. Upon these facts the court entered judgment as follows:

"This cause coming on to be heard before the undersigned judge at the September Term, 1923, of the Superior Court of Harnett County, and the same being heard upon the submission of a controversy without action, it is considered, ordered and adjudged by the court that the defendant A. W. Lee is entitled to only a life estate in the lands described in the deed from his father and mother, J. B. Lee and wife, Charity C. Lee, dated 27 November, 1884, which were sold by order of court and the funds reinvested in the lands described in deed from R. L. Godwin to A. W. Lee, dated 2 October, 1909, which lands were to be held by the said A. W. Lee upon the same terms and conditions as set forth in the deed from his said father and mother, and he is therefore entitled to only a life estate in said lands. It is found as a fact that the said A. W. Lee was unmarried and had no children at the time of the execution of the deed from J. B. Lee and wife, Charity C. Lee.

F. A. DANIELS,
*Judge Presiding.*"

From which said judgment defendant A. W. Lee excepted and appealed, assigning for error that the court failed to hold that A. W. Lee owned the land in fee simple.

*H. L. Godwin for defendants.*

HOKE, J. It is now held for law in this jurisdiction that the premises or granting clause of a deed is not to be considered as always controlling in reference to the estate conveyed, but "if on a perusal of the entire instrument, including the *habendum,* it clearly appears that a lesser

estate was intended than that conferred in the premises; such a construction should prevail, and the intent of the grantor be given effect." In a case before the Court at the present term, *Bagwell v. Hines, ante,* 691, the position was considered, and the view of the Court as it now prevails concerning it was expressed as follows:

"It was formerly held in this jurisdiction, and with some strictness, that the *habendum* of a deed was not allowed to destroy an estate or interest definitely conveyed in the premises or to create an estate that was necessarily repugnant to it. *Wilkins v. Norman,* 139 N. C., 39; *Blackwell v. Blackwell,* 124 N. C., 269; *Rowland v. Rowland,* 93 N. C., 214; *Hafner v. Irwin,* 20 N. C., 570. The position was somewhat modified in the well-considered case of *Triplett v. Williams,* 149 N. C., 394, opinion by *Associate Justice Brown,* wherein it was held that except when otherwise controlled by an arbitrary rule of law, as by the rule in *Shelley's case,* the question was largely one of intent, and if on a perusal of the entire instrument, including the *habendum,* it clearly appeared that a lesser estate was intended than that conferred in the premises, such a construction should prevail and the intent of the grantor be given effect, a case that has been cited with approval in numerous decisions of the Court."

In the *Bagwell case* it was held that the instrument having in express terms conferred an estate in fee simple in the premises, the subsequent clauses in apparent modification of this estate were not sufficiently definite to effect a change of the granting clause, and the estate in fee was upheld. In the present case, however, the granting clause does not definitely convey an estate in fee simple. On the contrary it purports to sell and convey the land to "A. W. Lee, his heirs and assigns, subject to the limitations hereinafter set forth." And these limitations, appearing in the *habendum,* are as follows: "To have and to hold the above-described lands, to the said A. W. Lee for and during the period of his natural life, and after his death to the children of A. W. Lee, both those now living and those that may hereafter be born to him, in fee simple, as set forth in the deed of J. B. Lee and wife, Charity C. Lee"; thus clearly conveying to A. W. Lee an estate for life, remainder to his children in fee.

It is insisted for appellant that as this estate was created and its extent declared by the deed of 1884, at a time when A. W. Lee had no children, he took a fee simple, and we are cited to *Cole v. Thornton,* 180 N. C., 90; *Silliman v. Whitaker,* 119 N. C., 92; *Hunt v. Satterwhite,* 85 N. C., 73; *Dupree v. Dupree,* 45 N. C., 164, and other decisions, in support of the position. But in those and other like cases the estate was presently conveyed or attempted to be conveyed directly

to the children, and under the established principle that in common-law deeds there must always be a grantee presently capable of taking the estate, only children living at the time the deed was made could take (extended by statute, C. S., 1738, to unborn children *in esse*), it was therefore held that where a grant or deed is to A. and his or her children, and there were no children alive at the time, the grantee would take the entire estate, a fee tail, at common law, converted by our statute into a fee simple. C. S., 1734. The cases cited, however, and the principle they approve and illustrate do not apply to an estate conveyed in remainder after a freehold estate first given, and in such deed children, prospective grantees, born during the existence of the freehold estate would take and hold their interest. Such estate being by way of contingent remainder until birth of a child. Thus, in Shepherd's Touchstone, pp. 229-234-235, after treating of the necessity of a grantor, grantee and a thing granted in order to a valid grant, the author, as to the grantee, among other things, says: "There shall be a person in being at the time of grant made (if he be to take immediately, etc.), but if he be to take by way of remainder it is not necessary that he should be in being so as there be a preceding estate of freehold to support a contingent remainder," etc. This statement of the learned author is fully recognized in this State in *Dupree v. Dupree,* 45 N. C., 164, in *Newsome v. Thompson,* 24 N. C., 277, and other cases, and is directly approved and applied with us in *Powell v. Powell,* 168 N. C., 561.

In accord with these rulings the life estate of A. W. Lee, appellant, is sufficient to uphold the estate in his children, though not *in esse* at the time, by way of contingent remainder till they were born, and thereafter as owners of a vested remainder.

We are of opinion that the question presented has been correctly decided by his Honor, and his judgment is

Affirmed.