This is an action to try and determine the title to land, and to remove a cloud from the title of the plaintiff to an undivided one-fourth interest in a certain tract of land; the defendants claiming under deeds which the plaintiff alleges are null and void.
The facts were stipulated below, and may be briefly stated as follows:
1. On 16 July, 1894, John Mackie, Sr., "in consideration of love and affection and one dollar paid to him by John Mackie, Jr.," executed a deed to his son, John Mackie, Jr., "for life and then to his children and their heirs and assigns," conveying a certain tract of land in Liberty Township, Yadkin County, N.C., consisting of 113 acres more or less. This deed was duly filed for recording on 18 July, 1894.
2. Thereafter, on 15 January, 1898, John Mackie, the grantor in the above deed, and John W. Mackie (being the same person designated as John Mackie, Jr., the grantee in said deed) and his wife Mary E. Mackie, undertook to revoke the restrictive provision in the foregoing deed and to convey a fee simple title to the tract of land conveyed therein to one George Carter. This deed was filed for recording on 3 July, 1899.
3. The first child born to John W. Mackie, Jr., and his wife, Mary E. Mackie, was H. D. Mackie, one of the defendants, who was born 9 June, 1898. V. R. Mackie and K. J. Mackie (same as K. L. Mackie) also defendants, and T. M. Mackie, the plaintiff, were thereafter born of the marriage.
4. Mary E. Mackie obtained a deed to this 113 acre tract of land, on 16 August, 1917, and claimed title thereto through mesne conveyances from George Carter, the grantee in the instrument referred to in paragraph two above. She and her husband, John W. Mackie, Jr., are living separate and apart, pursuant to a separation agreement executed 16 August, 1917, and duly recorded 1 October, 1947.
5. On 17 March, 1948, Mary E. Mackie, in consideration of love and affection, executed three deeds, as follows: one to H. D. Mackie for 28 acres of land in question, one to V. R. Mackie and K. L. Mackie for 87 acres of the land, and one to the plaintiff for one acre of the land, reserving unto herself a life estate in each tract. These deeds were filed for recording the same day they were executed.
Upon these facts it was agreed his Honor should determine the rights of the parties and enter judgment accordingly.
The court below held that the attempted revocation of the deed from John Mackie, Sr., to John Mackie, Jr., was ineffective, "the remainder having vested in the child in esse and those born since," and that the deeds executed by Mary E. Mackie, on 17 March, 1948, are clouds upon the title of the plaintiff, the court being "of the opinion that they are *Page 154 
void," and entered judgment accordingly. The defendants, K. L. Mackie and V. R. Mackie, appealed from the judgment and assign error.
The question involved on this appeal is whether or not H. D. Mackie, the son of John W. Mackie, Jr., who was born 9 June 1898, was in being within the meaning of G.S. 39-6, when the deed of revocation was executed on 15 January, 1898.
The above statute, upon which the appellants rely, reads in part as follows: "The grantor in any voluntary conveyance in which some future interest in real estate is conveyed or limited to a person not in esse may, at any time before he comes into being, revoke by deed such interest so conveyed or limited. This deed of revocation shall be registered as other deeds; and the grantor of like interest for a valuable consideration may, with the joinder of the person from whom the consideration moved, revoke said interest in like manner."
When a child is in being and capable of taking by deed or other writing, has been fixed by statute in this jurisdiction. G.S. 41-5 provides: "An infant unborn, but in esse, shall be deemed a person capable of taking by deed or other writing any estate whatever in the same manner as if he were born."
Under our decisions and applicable statutes, a conveyance made directly to the children of a living person conveys the title only to those who are alive at the time of the execution of the deed, including a child then en ventre sa mere. But where a life estate is given to the parent and there is a limitation over to the children, all the children who are alive, including a child in being but unborn, at the termination of the life estate, take thereunder. Powell v. Powell, 168 N.C. 561, 84 S.E. 860; Roe v. Journegan, 175 N.C. 261, 95 S.E. 495; Cole v. Thornton,180 N.C. 90, 104 S.E. 74; Johnson v. Lee, 187 N.C. 753, 122 S.E. 839; Jefferson v. Jefferson, 219 N.C. 333, 13 S.E.2d 745; Beam v. Gilkey225 N.C. 520, 35 S.E.2d 641; Pinkham v. Mercer, 227 N.C. 72,40 S.E.2d 690.
It seems clear to us that G.S. 41-5 gives to an unborn infant the same capacity to take property by "deed or other writing," as such infant has under the law governing its right to take by inheritance or devise. "Biologically speaking, the life of a human being begins at the moment of conception in the mother's womb, and in the law of inheritance this view is adopted, so that if one dies intestate, his unborn child, if eventually born alive, and not too soon after conception to be capable of living, inherits equally with its older brothers and sisters; and by analogy to this *Page 155 
rule, a devise or bequest to children or grandchildren includes a posthumous child or grandchild en ventre sa mere at the time of the testator's death. A child en ventre sa mere is also included in the phrase `persons living at the death' of any person. By a legal fiction or indulgence, a legal personality is imputed to an unborn child as a rule of property for all purposes beneficial to the infant after his birth, but not for purposes working to his detriment. The interest taken by the child at birth dates back to the time of conception or to the later originating of the title, and cannot be defeated by intermediate proceedings to which he was not a party." 27 Amer. Jur. 747. Ordinarily a different rule or definition is applied as to when life begins, in tort actions and in criminal statutes 27 Am. Jur. 748; S. v. Forte, 222 N.C. 537, 23 S.E.2d 842.
Applying the law to the facts in this case, it is presumed that the child of John W. Mackie, Jr., who was born on 9 June, 1898, was conceived 280 days, or ten lunar months, prior to the date of his birth, in the absence of evidence to the contrary, and was therefore in being at the time the purported deed of revocation was executed on 15 January, 1898. S. v. Forte, supra; S. v. Bryant, 228 N.C. 641, 46 S.E.2d 847; 16. Amer. Jur. 852. The grantor in the original deed to John W. Mackie, Jr., was divested of the power to revoke the remainder which he had theretofore conveyed to the children of the grantee, the moment a child of the grantee came into being. Such remainder vested in the child, though unborn, subject to the rights of other children of the grantee who might be born thereafter. Powell v. Powell, supra; Johnson v. Lee, supra.
We think his Honor correctly interpreted the law applicable to the facts as stipulated, and the judgment entered in accord therewith is
Affirmed.