EUGENE EDWARDS; LOIS E. SHAW AND HER HUSBAND, RALPH SHAW;
    JOSEPH E. EDWARDS AND WIFE, DOROTHY EDWARDS; VIRGINIA
    E. TOWNSEND AND HUSBAND, GROVER C. TOWNSEND; ANNIE E.
    RICH AND HUSBAND, ED RICH, v. CLIFTON LEE BUTLER, INFANT;
    KIRBY LEE BUTLER, INFANT; BETTY EDWARDS, INFANT; DEWEY
    EDWARDS, INFANT; VINTON C. EDWARDS AND WIFE, GLADYS ED-
    WARDS; JETTIE MAE WARD AND HUSBAND, BARNEY C. WARD;
    BEACHIE HILL AND HUSBAND, ROBERT HILL; JAMES L. EDWARDS
    AND WIFE, THELMA EDWARDS.

(Filed 23 May, 1956.)

**1. Deeds § 15—**

Where the granting clause, the *habendum*, and the warranty are clear
and unambiguous and sufficient to pass immediately a fee simple title to
the land described therein, a statement inserted following the description
to the effect that the grantor excepted a life estate to himself is ineffectual
as repugnant to the fee.

**2. Deeds § 13a—**

A grant of land directly to the children of a living person conveys the
title only to those children who are living at the time of the execution of
the deed, including a child then *en ventre sa mere;* but where there is a
limitation over to the children at the death of the life tenant, all children
who are alive at the termination of the life estate, whether born before
or after the execution of the deed, take thereunder.

**3. Same—**

Grantor conveyed the land in question to his wife for life and then to
his children. After the death of the wife, the grantor remarried, and left
children surviving of both the first and second marriages. *Held:* Upon
the death of the wife named in the deed, her children, including a child
*en ventre sa mere* at the time of the execution of the deed, took the fee to
the exclusion of the children of the second marriage.

**4. Appeal and Error § 2—**

The Supreme Court in its supervisory power will correct *ex mero motu*
error in a judgment *in rem* affecting title to real estate. Constitution of
North Carolina, Article IV, section 8. G.S. 7-11.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by petitioners and infant respondents from *Mallard, J.,* No-
vember Term, 1955, of BLADEN.

The petitioners filed a petition for partition of a 40-acre tract of land
described therein, alleging that the petitioners and respondents own the
land as tenants in common.

Frank T. Grady was duly appointed guardian *ad litem* for Clifton
Lee Butler, Kirby Lee Butler, Betty Edwards and Dewey Edwards,
the infant respondents. The guardian *ad litem* filed an answer on

behalf of his wards and admitted the allegations in the petition and joined in the prayer for the relief sought therein.

The remaining respondents filed an answer alleging that Vinton C. Edwards, Jettie Mae Edwards Ward, Beachie Edwards Hill and James L. Edwards, children born of the marriage of Joseph G. Edwards and Lilly Mae Edwards, are the sole owners as tenants in common of the land in question.

On 19 January 1912, Joseph G. Edwards executed a warranty deed to his wife "Lilly Mae Edwards, her lifetime and then to my children . . .," conveying the premises described in the petition.

The granting clause, the *habendum*, and the warranty in the deed are in the usual form and fully sufficient to pass a fee simple title.

Following the description, the grantor inserted the following: "It is known and understood that I, Joseph G. Edwards, hereby except my life estate in the above conveyed premises."

Lilly Mae Edwards died 29 August 1915 and left surviving her husband, Joseph G. Edwards, and four children, the adult respondents in this proceeding. All these children were born prior to the execution and delivery of the above deed except James L. Edwards, who was born on 29 August 1915, the day his mother died.

Thereafter, Joseph G. Edwards married Mary Eugenia Edwards in 1918, and at his death on 19 June 1948, left surviving him the following heirs: Eugene Edwards, Lois Edwards, Joseph E. Edwards, Virginia Edwards, Annie Edwards, all petitioners; Betty Edwards, Dewey Edwards, Clifton Lee Butler and Kirby Lee Butler, all infant respondents; and the above named four children born of his first marriage, all respondents.

The court below held that Vinton C. Edwards, Beachie Edwards (Hill) and Jettie Mae Edwards (Ward), the children of Joseph G. Edwards, who were living at the time of the execution and delivery of the deed to his wife, Lilly Mae Edwards, dated 19 January 1912, are the sole owners of the land involved.

Judgment was accordingly entered and the petitioners and infant respondents appeal, assigning error.

*H. H. Clark and Edward B. Clark for petitioners.*
*Frank T. Grady for infant respondents.*
*Leon D. Smith for adult respondents.*

DENNY, J. The first question to be determined is whether or not the attempted reservation of a life estate in the grantor in the deed from Joseph G. Edwards to Lilly Mae Edwards, his wife, was valid.

We have repeatedly held that when the granting clause, the *habendum*, and the warranty in a deed are clear and unambiguous and fully

sufficient to pass immediately a fee simple estate to the grantee or grantees, that a paragraph inserted between the description and the *habendum,* in which the grantor seeks to reserve a life estate in himself or another, or to otherwise limit the estate conveyed, will be rejected as repugnant to the estate and interest therein conveyed. *Whitson v. Barnett,* 237 N.C. 483, 75 S.E. 2d 391; *Jeffries v. Parker,* 236 N.C. 756, 73 S.E. 2d 783; *Kennedy v. Kennedy,* 236 N.C. 419, 72 S.E. 2d 869; *Swaim v. Swaim,* 235 N.C. 277, 69 S.E. 2d 534; *Pilley v. Smith,* 230 N.C. 62, 51 S.E. 2d 923; *Artis v. Artis,* 228 N.C. 754, 47 S.E. 2d 228.

In the deed under consideration, the words in the granting clause, the *habendum,* and warranty are clear and unambiguous and are sufficient to pass immediately a fee simple title to the land described therein. These portions of the deed contained nothing that might even suggest an intention on the part of the grantor to convey an estate of less dignity than a fee simple, indefeasible title to the premises described therein, subject to the life estate of his wife. Hence, we hold that the attempt of the grantor to create a life estate in himself by the method used was ineffective and will be rejected as mere surplusage. *Jeffries v. Parker, supra.*

The second question presented for determination is whether the court below committed error in holding that only the children of Joseph G. Edwards who were living at the time the deed under consideration was executed and delivered, had an interest in the land described therein.

A grant of land directly to the children of a living person conveys the title only to those who are living at the time of the execution of the deed, including a child then *en ventre sa mere,* it being necessary to the validity of the deed that there should be a grantee as well as a grantor and a thing granted. But where there is a reservation of a life estate in the grantor or another, with limitation over to the children at the death of the life tenant, all the children who are alive at the termination of the life estate, whether born before or after the execution of the deed, take thereunder. *Dupree v. Dupree,* 45 N.C. 164, 59 Am. St. Rep. 590; *Powell v. Powell,* 168 N.C. 561, 84 S.E. 860; *Johnson v. Lee,* 187 N.C. 753, 122 S.E. 839; *Waller v. Brown,* 197 N.C. 508, 149 S.E. 687; *Jefferson v. Jefferson,* 219 N.C. 333, 13 S.E. 2d 745; *Beam v. Gilkey,* 225 N.C. 520, 35 S.E. 2d 641; *Mackie v. Mackie,* 230 N.C. 152, 52 S.E. 2d 352.

In light of our decisions, it is clear that all the children of Joseph G. Edwards who were living at the death of Lilly Mae Edwards, the holder of the life estate, own an interest in the premises involved, and the court was in error in excluding James L. Edwards, who was born after the execution and delivery of the deed creating the life estate in his

mother. He was living when the life estate terminated and was, therefore, entitled to take under the provisions of the deed in question. *Powell v. Powell, supra; Waller v. Brown, supra; Mackie v. Mackie, supra.*

The petitioners and infant respondents have no interest in the premises involved in this litigation since they were not in being when the life estate terminated and the identity of the grantor's children had to be ascertained by a calling of the roll.

It will be noted that James L. Edwards did not appeal from the judgment entered below. Even so, the proceeding is one *in rem*, and the judgment entered vitally affects the title to real estate. Consequently, for the purpose of correcting the error in the judgment, the court invokes its supervisory power and *ex mero motu* makes the correction. North Carolina Constitution, Article IV, section 8; G.S. 7-11; *Ange v. Ange,* 235 N.C. 506, 71 S.E. 2d 19; *Duke v. Campbell,* 233 N.C. 262, 63 S.E. 2d 555; *Gibson v. Insurance Co.,* 232 N.C. 712, 62 S.E. 2d 320; *S. v. Cochran,* 230 N.C. 523, 53 S.E. 2d 663; *Mining Co. v. Mills Co.,* 181 N.C. 361, 107 S.E. 216.

In the last cited case, *Chief Justice Clark* said: "Although the plaintiff has not appealed, it is proper that the Court should render such judgment as 'upon an inspection of the whole record ought in law to be rendered,' C.S. 1412 and notes thereto (now G.S. 7-11)."

Therefore, the judgment of the court below is modified so as to include as owners of the land involved herein the four children of Joseph G. Edwards who were living at the death of the life tenant, Lilly Mae Edwards.

Modified and affirmed.

DEVIN, J., took no part in the consideration or decision of this case.