WILLIAM J. HOUCK, ADMINISTRATOR, C.T.A., UNDER THE WILL OF EMMA
J. STEPHENS; JOE R. STEPHENS; AND THEODORE STEPHENS,
PETITIONERS v. PATRICK STEPHENS; WILLIAM E. STEPHENS;
THOMAS STEPHENS; KATHERINE S. BOWMAN AND HUSBAND,
ODELL BOWMAN; AND MELVIN HUDSON, RESPONDENTS

No. 7525SC266

(Filed 16 July 1975)

**Deeds § 13— conveyance to testatrix and children after her — vested remainder**

A deed conveying land to testatrix "and her children after her"
created a vested remainder in the children and did not impose a
requirement of survivorship upon the remaindermen.

APPEAL by respondent Patrick Stephens from *Ervin, Judge.*
Judgment entered 18 November 1974 in Superior Court, CA-
TAWBA County. Heard in the Court of Appeals 29 May 1975.

Petitioners instituted this action under the provisions of
the Declaratory Judgment Act (G.S. 1-253 et seq.) to construe
a deed.

The underlying facts are not in dispute. Emma J. Stephens
died on 2 October 1970 leaving a will which devised all of her
real property of which she was seized at the time of death to
Patrick Stephens, Theodore Stephens, Joe R. Stephens, and
William E. Stephens. Each was to receive a one-fourth interest.
However, the administrator C.T.A. was in doubt as to the nature
and extent of her interest in certain real property due to a deed
dated 2 February 1905 from William Burns and wife, Hulda
Burns, to "Emer (sic) J. Stephens and her children after her."

In the 2 February 1905 deed some 101.5 acres of land was
conveyed by use of a form deed to Emma J. Stephens, and where-
ever the phrase "heirs and assigns" appeared it was struck out
and the phrase "and her children after her" was inserted.

The trial court found, *inter alia:*

"3. That the husband of Emma J. Stephens, Jesse E. Steph-
ens, predeceased her.

4. That the children of Emma J. Stephens are as follows:

(a) Fred Stephens, born June 13, 1894, who died on the
18th day of August, 1934, survived by his wife Trilby S.
Stephens, who died in June 1970, and a son, William

E. Stephens, a daughter Katherine S. Bowman, and a son, Thomas Stephens.

(b) Rose Stephens, born August 31, 1900 who died on November 8, 1946, survived by her son, Joe R. Stephens. The said Rose Stephens was never married.

(c) Ann S. Hudson, born March 18, 1898, who died the 11th day of January, 1963, intestate, survived by her husband Melvin L. Hudson, and her mother Emma J. Stephens.

(d) Barry Stephens, born May 22, 1903, who died in childhood on/or about September 4, 1903.

(e) Patrick Stephens, born January 3, 1891.

(f) Theodore Stephens, born October 27, 1904."

The trial court adjudged that the 2 February 1905 deed by William Burns and wife, Hulda Burns, to Emma (Emer) J. Stephens and her children after her conveyed a life estate in the lands to Emma J. Stephens with a vested remainder as tenants in common to Fred Stephens, Rose Stephens, Ann S. Hudson, Patrick Stephens, and Theodore Stephens.

Respondent Patrick Stephens objected and excepted to this judgment and gave notice of appeal.

*J. Carroll Abernethy, Jr., for petitioner appellee William J. Houck.*

*Richard A. Williams, for respondent appellant Patrick Stephens.*

*Steve A. Austin, for respondent appellee Thomas Stephens.*

MARTIN, Judge.

Appellant Patrick Stephens is dissatisfied with the trial judge's construction of the deed. He first takes the position that the language "to Emer J. Stephens and her children after her" conveys to Emma J. Stephens a life estate with a contingent remainder to her children so that only those children who can answer the roll upon the death of Emma Stephens acquire any interest in the lands. This is so, he argues, because the words "after her" limit the remainder interest to those surviving the life tenant.

Appellant's contention relies too heavily on the words "after her." They are the only words which manifest an intent to convey a life estate to Emma J. Stephens with a remainder to her children. However, appellant would have them perform the additional task of imposing a requirement of survivorship upon the remaindermen. The most that can be said in favor of appellant's position is that from the language of the deed it is unclear whether the grantor intended to convey a vested or contingent remainder to the children of Emma J. Stephens. This being so, the trial judge properly construed the deed as conveying a vested remainder to the children.

"In 24 A. and E. Enc., 394, the author says: 'Where a remainder is given to a class, as, for instance, the children of a designated person, it will be held a vested remainder unless the terms of the instrument creating it clearly show that the ascertainment of the individuals composing the class is to be postponed until the determination of the preceding estate. But such a remainder, though vested, will open to let in members of the class who may be born during the continuance of the preceding estate.'" *Powell v. Powell,* 168 N.C. 561, 84 S.E. 860 (1915).

Failing in his contention that the remainder interest was contingent, appellant resourcefully advances two other interpretations of the deed. Neither contains merit.

Judge Ervin properly construed the deed as conveying a life estate to Emma J. Stephens with a vested remainder in her children Fred Stephens, Rose Stephens, Ann S. Hudson, Patrick Stephens, and Theodore Stephens.

Affirmed.

Judges CLARK and ARNOLD concur.