In re Guardianship of ROBERTA C. DIXON.

(Filed 20 September, 1911.)

1. Deeds and Conveyances—Reservation of Life Estate.

A reservation of a life estate for himself and wife by the grantor in his deed to lands is valid, and the deed does not become effective until after his own and his wife's death, though as to the latter the reservation cannot operate as a conveyance.

2. Same—Tenant by Curtesy—Wife's Possession.

A deed to grantor's daughter, reserving a life estate in himself, does not make the husband of the grantee a tenant by curtesy when he has issue born alive, etc., if the wife predeceases the grantor, the requisite of her possession of the lands being wanting; and the title to the land upon the death of the grantor passes directly to her heirs.

3. Same—Guardian and Ward—Removal—Conflicting Interests.

A father, guardian for his child, claiming as tenant by curtesy the rents and profits of lands to which his wife had not acquired possession or right of possession, and which had descended to his ward as heir at law, is such an adverse claimant to the rights of the ward as will entitle the latter to his removal. Rev., 1806.

4. Deeds and Conveyances—Interpretation—Reservation of Life Estate—Repugnancy.

In this case, construing the deed as a whole, there is no repugnancy therein apparent by reason of a reservation of a life estate in the lands in the grantor. *Wilkins v. Norman,* 139 N. C., 41, cited and distinguished.

Appeal by Roberta C. Dixon from *Ferguson, J.,* at May Term, 1911, of Greene.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*In re* DIXON.

*George M. Lindsay for appellant.*
*Aycock & Winston and T. C. Wooten for J. W. Dixon.*

CLARK, C. J.　The clerk of the Superior Court, after citation to J. W. Dixon, guardian of Roberta Dixon, and upon his answer filed, removed him from his guardianship upon the ground that he had failed to file his account as guardian, and, further, because said guardian claimed an interest in the property adverse to his ward.　On appeal to the judge this order was reversed, and the ward, Roberta C. Dixon, appealed to this Court, prosecuting said appeal through her guardian *ad litem,* appointed by the court by consent.

.　It is found by the judge upon facts admitted, that Robert A. L. Carr executed a deed to his daughter, the mother of the ward, Roberta Dixon; that in said deed, after the warranty clause, said grantor added: "I, the said R. A. L. Carr, reserving a life interest for myself and wife, Sarah A. L. Carr, in the above described land."　The grantee, the mother of said ward, and the daughter of the grantor, died first of all, then the grantor, and lastly his wife died.　It was admitted that there was birth of issue of the marriage of the grantee in said deed, and J. W. Dixon, the guardian, contended that he was entitled to the rents and profits of said land as tenant by the curtesy, and was not accountable to said ward for said rents.

The reservation in the deed is valid, and said deed did not become effective till after the death of the grantor and his wife. It is true that the exception in favor of the grantor's wife could not operate as a conveyance to her, but the question as to the title to rents and profits after death of the grantor and until the death of his widow is a question to be settled between their personal representatives, and in no wise concerns the guardian, J. W. Dixon.　The sole question as to him is whether he became tenant by the curtesy of this land.　His wife, having predeceased the grantor, was never seized of the premises, and upon the expiration of the particular estate by the death of Mrs. Carr, the title passed directly to Roberta Dixon as heir at law of her mother.　J. W. Dixon's claim to be tenant by the curtesy is therefore unfounded.　His refusal to account

for the rents and profits and his claim to the rent, adverse to his ward, were sufficient grounds to justify his removal. Rev., 1806.

In *Nixon v. Williams*, 95 N. C., 103, it was held that to entitle a husband to curtesy in his wife's land, either the wife, or the husband in right of his wife, must have had seizin in deed, which is the actual possession of the land. In this case it is admitted that neither Dixon nor his wife had any possession of said land during the life of the grantor and his wife. In *Gentry v. Wagstaff*, 14 N. C., 270, it was held that the husband acquires by marriage no estate in any land of his wife of which neither he nor his wife had possession, and that where the wife's interest in real estate is in reversion or remainder dependent on a preceding freehold estate in another, she has no seizin until the determination of that estate.

In *Sasser v. Blyth*, 2 N. C., 259, it was held, upon facts exactly similar to those in this case, that where a man executed a deed to his son in fee simple, reserving a life estate, such reservation is valid. The learned reporter (Judge John Haywood) appends a note that this is not a case of repugnancy, because it is "by no means inconsistent with the estate in fee in remainder that another should first have the estate for life." The rule that the first words in a deed and the last in a will control in cases of repugnant provisions does not apply. Construing the whole deed as written, there is here a reservation of the estate for the life of the grantor and his wife, with remainder in fee to their daughter. *Blackwell v. Blackwell*, 124 N. C., 269; *Wall v. Wall*, 126 N. C., 405. This is not like *Wilkins v. Norman*, 139 N. C., 41, where an estate in fee simple was conveyed and there was a subsequent clause which conveyed the land to another after the death of the grantee in fee. The last clause was held repugnant and void.

In *Featherstone v. Merrimon*, 148 N. C., 199, *Walker, J.*, says: "In construing a deed the Court will examine the entire instrument and construe it as a whole, consistent with reason and common sense, to effectuate the intention of the parties. There can be no question here as to the intention of the grantor, which is very clearly expressed." To the same effect is *Trip-*

*lett v. Williams,* 149 N. C., 396, in which *Brown, J.,* says that the courts will look at the whole instrument to ascertain its intention and will "not regard as very material in what part of the deed such intention is manifested."

The judgment of his Honor is

Reversed.