GEORGE ACKER AND WIFE ET AL. v. ELIZABETH L. PRIDGEN.

(Filed 20 March, 1912.)

**1. Deeds and Conveyances—Interpretation—Intent.**

A deed will ·be construed so as to effectuate the intent as gathered from the entire instrument when it can be done by any reasonable interpretation.

**2. Same—Habendum—Remainders.**

A conveyance of land, in the premises, being "unto the party of the second part and to his heirs and assigns," and in the habendum, unto the second party "during the term of his natural life, and after his death" to certain named children of his : *Held,* the failure to mention the children as formal parties does not avoid the limitation to them by way of remainder.

**3. Same—Rule in Shelley's Case—Heirs of the Body.**

The premises of a deed to lands being to the "party of the second part and to his bodily heirs and assigns," and in the habendum "during the term of his natural life, and after his death" to certain named children : *Held,* the words bodily heirs construed with the words of the habendum to mean children.

**4. Deeds and Conveyances—Interpretation—Habendum—Strangers —Limitations.**

While a stranger to a deed cannot be introduced in the habendum clause to take in fee, he can take in remainder, when by construction of the entire instrument it appears that the intention of the parties is thus given effect.

**5. Deeds and Conveyances—Interpretation—Stare Decisis—Limitation—Rule in Shelley's Case.**

The doctrine of *stare decisis* invoked by· the defendant cannot be given effect in this case, as she acquired the property by deed from her husband for a nominal consideration, and not being a purchaser for value, could stand in no better attitude than her grantor.

APPEAL from *O. H. Allen, J.,* at January Term, 1912, of NEW HANOVER, on case agreed.

Civil action to recover possession of a certain lot of land described in the pleadings.

From a judgment for plaintiffs the defendant appeals.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

158—22

*E. K. Bryan, Bellamy & Bellamy for plaintiffs.*
*H. McClammy, S. M. Empie, for defendant.*

BROWN, J.   On 12 August, 1882, Moses Moore conveyed the land in controversy to John Pridgen and wife, Peggie, the premises being, "unto the parties of the second part and to their heirs and assigns forever"; the habendum being: "To have and to hold the said property unto John Pridgen and wife, Peggie, during the term of their natural lives, and after their death to Marion Pridgen, Ellen Beatty, and any other child or children that may be begotten by him at any time during his marriage with Peggie Pridgen, his wife, to them and their assigns forever."

Peggie Pridgen died and John Pridgen married the defendant in 1889 and on 13 October, 1904, for the nominal consideration of $5 executed a deed in fee to the defendant for the land in controversy.

John Pridgen died 10 August, 1905.

The judge below held that John Pridgen took only a life estate under the Moore deed, and that the remainder over to Marion Pridgen and others was good, and that the plaintiffs, the remaindermen, were entitled to recover.

In their brief the learned counsel for defendant state "that under the decisions as lately enunciated by our Supreme Court, the Court has correctly decided this case, following the authority in the cases of *Triplett v. Williams,* 149 N. C., 394, and supported in principle in the cases of *Condor v. Secrest, id.,* 201; *Sprinkle v. Spainhour, id.,* 223."

They argue at length and with much earnestness that those decisions should not be followed, but overruled.

In the *Triplett case,* which has been repeatedly cited and approved in subsequent opinions of this Court, we admitted the technical effect of the ancient rule of the common law as applied to the construction of deeds, but we also recognized the more enlightened rules of construing deeds which have obtained in all the courts of the country, and as well in the English courts, in a more enlightened age.

It is said in that case: "But this doctrine, which regarded the granting clause and the habendum and tenendum as separate and independent portions of the same instrument, each with its especial function, is becoming obsolete in this country, and a more liberal and enlightened rule of construction obtains, which looks at the whole instrument without reference to formal divisions, in order to ascertain the intention of the parties, and does not permit antiquated technicalities to override the plainly expressed intention of the grantor."

In that opinion there are cited an array of cases and textwriters in support of the views there expressed.

This more enlightened rule of construction. has been previously recognized and stated by *Mr. Justice Walker* in *Gudger v. White,* 141 N. C., 513, in these words: "It is not difficult by reading the deed to reach a satisfactory conclusion as to what the parties meant, and we are required by the settled canon of construction so to interpret it as to ascertain and effectuate the intention of the parties. Their meaning, it is true, must be expressed in the instrument; but it is proper to seek for a rational purpose in the language and provisions of the deed, and to construe it consistently with reason and common sense. If there is any doubt entertained as to the real intention, we should reject that interpretation which plainly leads to injustice, and adopt that one which conforms more to the presumed meaning, because it does not produce unusual and unjust results."

Those writers and courts who recognize the generally preponderating influence of the premises of a deed in determining the estate conveyed admit that there are instruments in which the intention of the grantor is so plainly manifested in the habendum that it will control the premises.

Mr. Devlin in his work on deeds says: "It may be formulated as a rule, that where it is impossible to determine from the deed and surrounding circumstances that the grantor intended the habendum to control, the granting words will govern, but if it clearly appears that it was the intention of the grantor to enlarge or restrict the granting clause by the habendum, the latter must control." 1 Devlin on Deeds, sec. 215; *Dodine v.*

*Arthur,* 91 Ky., 53; *Fogarty v. Stack,* 8 S. W. Rep., 846; *Barnett v. Barnett,* 104 Cal., 298; *Moore v. Waco,* 85 Tex., 206; *Dorem v. Gillum,* 136 Ind., 134.

Even the common-law judges did not always confine themselves to the strict letter of the law in construing deeds, and applying the rule in *Shelley's case,* we find it not uncommon to construe "bodily heirs" or even the word "heirs" itself to mean children, or issue, when the context of the instrument plainly indicated the manifest intention. *Puckett v. Morgan, post,* 344.

That the grantor, Moore, used the word "heirs" in the premises in the sense of children is plainly manifest from the context of the entire deed. The words of the habendum qualify and explain what is stated in the premises, and in the habendum the children are specified who are to take in remainder, viz., the two plaintiffs, Marion Pridgen, Ellen Beatty, children by former marriages, and any other child of John Pridgen and his wife, Peggie.

The fact that their names are not mentioned as among the formal parties to the deed does not avoid the limitation by way of remainder.

While a stranger to a deed cannot be introduced in the habendum clause to take as grantee, he can take in remainder by way of limitation, when by construction of the entire instrument it appears that the intention of the parties is given effect. *Condor v. Secrest,* 149 N. C., 201.

The defendant invokes the doctrine of *stare decisis,* and claims that a rule of property had been established by the older decisions which should protect her title.

We do not think the principle laid down in *Hill v. Brown,* 144 N. C., 117; *Hill v. R. R.,* 143 N. C., 539, can be properly applied here.

In the first place, the defendant acquired the property by deed from her husband, John Pridgen, the life tenant, in 1904, for a nominal consideration only. She is not a purchaser for value, and stands in no better attitude than her grantor.

In the second place, such a remainder as is created in favor of these plaintiffs in the Moore deed could have been created in

the earliest stages of the common law. *Blair v. Osborne,* 84
N. C., 420; Shepherd's Touchstone, 151; 2 Roll. Ab., 68.

The judgment of the Superior Court is
Affirmed.