THOMAS P. MIDGETT v. ROSA MEEKINS ET ALS.

(Filed 11 September, 1912.)

1. Deeds and Conveyances—Clauses Irreconcilable—Intent—Inter-
   pretation.

   While a subsequent clause in a conveyance of land which is
   irreconcilable with a former clause therein will generally be set
   aside, the principle is in subordination to another one, that the
   intent of the grantor as embodied in the entire instrument will
   control in its construction, and each and every part thereof must
   be given effect if it can fairly and reasonably be done.

2. Same—Estates—Limitations—Reverter.

   A conveyance to the grantor's wife "and her heirs" of certain
   described lands, with habendum "to her and her heirs as long as
   she lives and remains a widow after my death, and at her death
   or remarriage" to the children of the grantor who have "been
   or may hereafter be born to her," etc., with provision that should
   the wife predecease the grantor, the property to revert to him:
   *Held*, the clauses in the deed were reconcilable, and it was the
   intent of the grantor that his wife, remaining unmarried, and
   living after his death, should hold a life estate in the lands,
   remainder to the children in fee; and in the event of the grantor
   living longer than his wife, the lands would revert to him in fee.

APPEAL by plaintiff from *Webb, J.,* at Spring Term, 1912, of
DARE.

A civil action to remove a cloud from title and for general
relief.

On the trial it was made to appear that on 28 April, 1898,
plaintiff Thomas P. Midgett executed a deed for two tracts of

his land, the grantees being his then wife, Sarah H. Midgett, and the children of the marriage; the terms of the deed relevant to the inquiry being as follows:

"This deed, made this the 29th day of April, 1898, by Thomas P. Midgett, of Manteo, Dare County, North Carolina, of the first part, to Sarah H. Midgett, of Manteo, Dare County, North Carolina, of the second part, witnesseth:

"That said Thomas P. Midgett, in consideration of one dollar and other valuable consideration to him by the said Sarah H. Midgett, the receipt of which is hereby acknowledged, have bargained and sold, and by these presents do bargain, sell, and convey to said Sarah H. Midgett and her heirs two certain lots or parcels of land, situated in the town of Manteo, county of Dare and State of North Carolina, bounded as follows, viz.:" [Here follows description of land in detail.]

"To have and to hold the aforesaid lots or parcels of land and all privileges and appurtenances thereto belonging, to the said Sarah H. Midgett and her heirs as long as she lives and remains a widow after my death, and at her death or remarriage I do hereby convey the aforesaid lots or parcels of land, with the privileges and appurtenances thereto belonging, to my children that has been or may hereafter be born of her, the said Sarah H. Midgett, by me, the said Thomas P. Midgett, to their only use and behoof forever.

"*Provided, however,* that should the said Sarah H. Midgett die before I, the said Thomas P. Midgett, does, then and in that event the said property shall revert to me, the said Thomas P. Midgett."

That the wife having died, the children, the other grantors of the deed, made claim to the land, subject to a life estate of the grantor, their father. On issues submitted and under charge of the court construing the deed, the jury rendered the following verdict:

Is the plaintiff the owner in fee of the land set out and described in the complaint? Answer: "No."

What interest, if any, has the plaintiff in the land set out in the complaint? Answer: "A life estate."

There was judgment on the verdict declaring the children the owners of the land subject to a life estate in the grantor, their father, and plaintiff excepted and appealed.

*B. G. Crisp for plaintiff.*

*E. F. Aydlett and J. C. B. Ehringhaus for defendants.*

HOKE, J., after stating the case: In *Davis v. Frazier*, 150 N. C., 451, the Court said: "It is an undoubted principle that a subsequent clause irreconcilable with a former clause and repugnant to the general purpose and intent of the contract will be set aside. This was expressly held in *Jones v. Casualty Co.*, 140 N. C., 262, and there are many decisions with us to like effect; but, as indicated in the case referred to and the authorities cited in its support, this principle is in subordination to another position, that the intent of the parties as embodied in the entire instrument is the end to be attained, and that each and every part of the contract must be given effect, if this can be done by any fair or reasonable interpretation; and it is only after subjecting the instrument to this controlling principle of construction that a subsequent clause may be rejected as repugnant and irreconcilable. *Jones v. Casualty Co., supra;* Lawson on Contracts, secs. 388, 389; Bishop on Contracts, secs. 386, 387."

This decision was cited and approved in *Refining Co. v. Construction Co.*, 157 N. C., 280, and by *Allen, J.,* in *Hendricks v. Furniture Co.*, 156 N. C., 569, and the general principle has been directly applied to deeds conveying realty in several recent and well-considered decisions of the Court. *Acker v. Pridgen*, 158 N. C., 337; *In re Dixon*, 156 N. C., 26; *Triplett v. Williams*, 149 N. C., 394; *Featherston v. Merrimon*, 148 N. C., 199.

In our opinion, these authorities are decisive and are against the defendants' position as to the interpretation of the present deed.

From a perusal of the entire instrument, and giving to every clause its reasonable effect, we think it clear that the grantor had in mind the two conditions or events, one in case he survived his wife and the other if she survived him. In the latter case the land is in effect conveyed to her during her life or widow-

hood and then to the children of the marriage in fee, and in the former, "The property shall revert to me." There is nothing in the instrument to indicate that the grantor intended only a life estate should revert, as in *Dixon's case, supra,* but by correct and reasonable interpretation, in case he survived his wife, the property and all interest in it should revert. Revisal 1905, sec. 946. There is therefore no irreconcilable conflict in the different clauses of the deed, and on the facts and evidence and under the authorities cited the grantor should be declared the owner of the property in fee. In *Fortune v. Hunt,* 152 N. C., 715,. and in *Wilkins v. Norman,* 139 N. C., 40, it was held that the former and the latter clauses of the deeds were in irreconcilable conflict, and the Court applied the familiar principle that in such case and as to deeds the former should prevail.

For the error indicated, the plaintiff is entitled to a new trial, and it is so ordered.

New trial.