## W. PLEAS BOYD v. V. A. CAMPBELL.

(Filed 27 October, 1926.)

**1. Deeds and Conveyances—Clerical Error in Reciting the Receipt of Consideration.**

Where a deed conveys certain lands, it will not be declared ineffectual because of a recitation therein that the consideration was paid to the grantee, when it clearly appears from the other parts of the deed, construed as a whole, that the grantor received it.

**2. Deeds and Conveyances—Interpretation—Intent.**

Technical rules in interpreting a conveyance of lands that will defeat the obvious intent of the parties as gathered from the entire instrument, will not prevail unless such intent is repugnant to the terms of the grant or is in conflict with some canon of construction or some settled rule of law.

**3. Deeds and Conveyances—Repugnant Clauses—Interpretation.**

Where there are repugnant clauses appearing in a deed to lands, nothing else appearing as controlling their interpretation, the last will be rejected in favor of the former one.

**4. Estates—Tenants in Common—Fee Tail—Statutes—Fee Simple.**

While an estate conveyed to C. and his children executed and delivered when C. has living children conveys to the grantees as tenants in common, it is different when at that time C. has no children, and in the latter event an estate tail is conveyed which, by our statute is converted into a fee simple. C. S., 1734.

**5. Estates—Remainders—Fee—Limitation After a Fee—Conditions.**

An estate may not be limited after a prior estate granted in fee except by executory devise or making the first estate terminable upon a condition upon which the latter limitation becomes effectual.

**6. Same—Uses and Trusts—Shifting Uses.**

Where an estate in fee is limited after the conveyance in fee upon condition or the happening of a contingency, the latter limitation may become effective under the doctrine of shifting uses from the first taker to the latter one.

**7. Same—Estates for Life.**

Where the first taker under the conveyance by deed of an estate takes the fee simple, a fee in the same lands may not be limited to take effect thereafter, there being no preceding life estate created by the instrument or condition broken to make it effective.

APPEAL by defendant from *Harding, J.,* at July Term, 1926, of HAYWOOD.

Submission of controversy without action. C. S., 626. The plaintiff has been in the peaceable possession of three tracts of land since 1911, it being admitted that he is the owner of two of these tracts under a deed from his mother. On 1 April, 1926, the plaintiff and the defendant entered into a written contract by the terms of which the plaintiff was to convey to the defendant for the agreed consideration of $2,000 the three tracts referred to above; and on 9 April the plaintiff tendered to the defendant a deed in fee simple with the usual covenants, but the defendant refused to accept it or to pay the purchase price on the ground that the plaintiff could not convey a title in fee. There being no dispute as to the two tracts conveyed to the plaintiff by his mother, the controversy turns upon the construction of the deed hereinafter set out. If the plaintiff acquired a fee simple under this deed he can convey a good title to the three tracts described in his contract. It is admitted that the plaintiff is the Pleas Clodfeler mentioned in the purported conveyance. The deed is as follows:

"STATE OF NORTH CAROLINA

...... ..................... .. COUNTY.

This deed was made 22 February, 1910, by W. J. G. B. Boyd of Haywood County and State of North Carolina, of the first part, to Pleas Clodfeler, his children, their heirs and then to his grandchildren forever of county and State of...... ............ ..........., of the second part, witnesseth:

That said Pleas Clodfellow for and in consideration of the sum of five hundred dollars paid by the said Clodfellow to W. J. G. B. Boyd, paid by and for the further consideration of love, the receipt of which is hereby acknowledged, ha.... bargained and sold, and by these presents do bargain, sell and convey to said the said Pleas Clodfellow his chil-

dren and then to his grandchildren forever, and heirs and assigns, a certain tract or parcel of land in ......... ... ... ...... Township, Haywood County, State of North Carolina, adjoining the lands of W. J. G. B. Boyd, Thomas Evans and the Shelton boys, on the head waters of Herseys Mill Creek, one of Jonathan Creek tributary streams and others, bounded as follows, viz.:

(Description).

To have and to hold the aforesaid tract or parcel.... ...................... and all privileges and appurtenances thereto belonging to the said Pleas Clodfellow, to him and his children, their lives, heirs and assigns to and then to his grandchildren forever, only use and behoof forever.

And the said W. J. G. B. Boyd covenants that he is seized covenant to and with the said Pleas Clodfellow and his children during their natural lives, and then to his grandchildren forever, heirs and assigns . ... .......... that. ..... ................ seized of said premises in fee and ha.... a right to convey the same in fee simple; that same are free from all incumbrances and that W. J. G. B. Boyd will warrant and defend the title to the same against the claims of all persons whatsoever.

In testimony whereof the said ............................... ..... has hereunto set ............ hand .................... and seal ........... the day and year first above written.                                    W. J. G. B. BOYD.   (Seal.)

Attest:  J. A. FERGUSON."

The plaintiff, when this deed was executed and delivered to him, was a single man and had no children. W. J. G. B. Boyd, the grantor, died in 1912, and in 1913 the plaintiff married and now has three young children, but no grandchildren.

The defendant contends that the deed is inoperative because there are no words of conveyance to the grantee, that the grantee conveyed to himself, and in any event took a life estate with remainder to his children or grandchildren.

Upon the agreed facts it was adjudged that the plaintiff is the owner in fee of all the tracts and that the defendant must accept the deed tendered him and pay the purchase price.

*Morgan & Ward for plaintiff.*
*Joseph E. Johnson for defendant.*

ADAMS, J.  The deed is not invalidated by the clause in which the grantee purports to convey to himself. In every conveyance of land there must be a grantor, a grantee, and a thing granted. The grantor

cannot make himself the grantee; but W. J. G. B. Boyd, who signed the deed, is named as the grantor, and with the exception of one inadvertence the plaintiff is referred to as the grantee. The error is clerical and the objection must be resolved against the appellant under the principle stated in *Berry v. Cedar Works,* 184 N. C., 187. See, also, *Yates v. Ins. Co.,* 173 N. C., 473.

Whatever the former doctrine may have been the courts do not now regard with favor the application of such technical rules as will defeat the obvious intention of the parties to a deed, it being an elementary rule of construction that their intention as expressed in the deed shall prevail unless it is repugnant to the terms of the grant or is in conflict with some canon of construction or some settled rule of law. *Seawell v. Hall,* 185 N. C., 80; *Lumber Co. v. Herrington,* 183 N. C., 85; *Pugh v. Allen,* 179 N. C., 307; *Williams v. Williams,* 175 N. C., 160; *Springs v. Hopkins,* 171 N. C., 486.

As a rule if there are repugnant clauses in a deed the first will control and the last will be rejected. *Fortune v. Hunt,* 152 N. C., 715; *Wilkins v. Norman,* 139 N. C., 40; *Blackwell v. Blackwell,* 124 N. C., 269. While this rule is in subordination to the position that the intent of the parties as embodied in the entire instrument is the end to be attained we must not lose sight of another principle, that is, that where rules of construction have been settled they should be observed and enforced. *Wilkins v. Norman, supra; Midgett v. Meekins,* 160 N. C., 42; *Bagwell v. Hines,* 187 N. C., 690.

The following are the clauses to be considered:

1. To Pleas Clodfeler, his children, their heirs, and then to his grandchildren forever. (Premises.)

2. To the said Pleas Clodfellow, his children and then to his grandchildren forever and heirs and assigns. (Granting clause.)

3. To the said Pleas Clodfellow, to him and his children, their lives, heirs and assigns, and then to his grandchildren forever, only use and behoof forever. *(Habendum.)*

Now, as to the first clause. Given, an estate to A. and his children; if A. has children when the deed is executed he and they take as tenants in common. *Cullens v. Cullens,* 161 N. C., 344. In *Blair v. Osborne,* 84 N. C., 417, cited in the appellant's brief, the deed, which was executed prior to 1879 (C. S., 991), named the grantee in the premises, and in the *habendum* the grantee and her children; and it was held that the grantee took a life estate and the children a remainder. Here Pleas Clodfeler, or Clodfellow, and his children are mentioned in all the clauses; the cited case is, therefore, not controlling. If, in the assumed case A. has no child when the deed is executed he takes an

26—192

estate tail, which, under our statute, is converted into a fee. C. S., 1734; *Cole v. Thornton,* 180 N. C., 90. When Boyd executed the deed in question the grantee was not married; he had no children; so the words "To Pleas Clodfeler his children their heirs," make a fee simple.

What effect, if any, has the phrase immediately following, "And then to his grandchildren forever"? A fee may be limited after a fee by a conditional limitation or an executory devise—this upon the theory that under the doctrine of shifting uses inheritance may be made to shift from one person to another upon a supervening contingency. *Smith v. Brisson,* 90 N. C., 284. But the contingency is essential. For example, a condition in a deed followed by a limitation over to a third person in case the condition is not fulfilled, or in case there is a breach of it, is a conditional limitation. If the condition is broken or not fulfilled, as the case may be, the first estate comes to an end and the subsequent estate arises. It is said to be conditional because the event or contingency destroys or abridges the first estate; it is termed a limitation because upon the happening of the contingency the estate passes to the person having the next expectant interest. *Proprietors v. Grant,* 3 Gray, 142. In this clause there is no event or contingency upon the happening or breach of which the estate to the grantee is to be defeated, abridged, or "cut down to make room" for the purported limitation to the grandchildren. *Massengill v. Abell, ante,* 240; *McDaniel v. McDaniel,* 58 N. C., 351. The latter part of the clause is, therefore, ineffectual to divest the fee just previously granted. The grandchildren cannot take as contingent remaindermen for the reason that there is no precedent particular estate to support the remainder. No remainder can be limited after the grant of estate in fee; for a part cannot be reserved after the whole is disposed of. *McDaniel v. McDaniel, supra.* The same reasoning applies to the second clause; and as to the third it is apparent that the words, "their lives heirs and assigns," are repugnant. There is no presumption that the grantor assumed the impossible task of conveying to the grantee in a single phrase both a life estate and a fee simple. Either "their lives" or "heirs and assigns" must yield; and obviously the former, because it is repugnant to the fee previously conveyed, while the latter is entirely consistent with it. Here also the attempted limitation to the grandchildren is of no effect in destroying or abridging the fee. The only question is the quantity of the estate; and this, as we understand, the appellant admits is not affected by words used in the covenant of seizin.

The judgment is

Affirmed.