This was an action to determine the title to a certain lot of land on Main Street, in the city of Durham.
Amanda C. Smith, plaintiff's testatrix, was the wife of John W. Smith. Plaintiff alleged that by deed of C. G. Ross an estate by the entireties in the lot described was created, and that upon the death of John W. Smith title to the lot vested in Amanda C. Smith by survivorship. The material parts of the deed are as follows:
"This deed, made this the 16th day of May, 1899, by C. G. Ross and wife, Nannie E. Ross, of Durham County and State of North Carolina, of the first part, to John W. Smith of Durham County and State of ....., of the second part:
"Witnesseth, that said C. G. Ross and wife, Nannie E. Ross, in consideration of Twelve Hundred and Fifty Dollars to them paid by John W. Smith, the receipt of which is hereby acknowledged, have bargained and sold, and by these presents do hereby bargain, sell and convey to said John W. Smith and his heirs and assigns, a certain tract or parcel of land in Durham County, State of North Carolina, adjoining the lands of Dr. A. G. Carr, F. C. Geer and others, bounded as follows, viz.: (Here follows description of the lot.)
"To have and to Hold the aforesaid tract or parcel of land, and all appurtenances thereunto belonging to the said John W. Smith and wife, Amanda C. Smith, and their heirs and assigns, to their only use and behoof forever."
John W. Smith died 6 December, 1923. It appeared in evidence that in February, 1924, the executors and trustees under the will of John W. *Page 630 
Smith instituted action asking the advice of the court as to their duty with respect to the real property of which John W. Smith died seized. Amanda C. Smith was made party to this action and filed no answer. Judgment was rendered as prayed. In August, 1924, Amanda C. Smith, who had dissented from the will, filed petition for the allotment of her dower as widow of John W. Smith in the lands of which he died seized. She alleged that he was owner in fee of several parcels of real property, which she described, including the lot now claimed by the plaintiff. The executors and heirs of John W. Smith were made parties. Judgment was rendered according to her petition, and the dower allotted to her included the lot in question. The dower allotment was duly confirmed by the decree of the court.
In March, 1925, in the action instituted February, 1924, hereinbefore referred to, motion was made by these defendants, who are the heirs of John W. Smith, for the discharge of the executors and trustees under the will of John W. Smith and for the conveyance to the defendants of the real property of John W. Smith. Amanda C. Smith was served with notice of the motion and filed answer admitting that she had taken dower in the lands of John W. Smith. Judgment was rendered in accordance with defendants' motion, and the executors and trustees were directed to convey to the defendants all the real property of John W. Smith, subject to the dower interest therein of Amanda C. Smith. Deed was executed as directed.
In 1929, Amanda C. Smith instituted action against these defendants, alleging that she was life tenant in the real property allotted to her as dower, and asking that defendants, remaindermen, be required to compensate her for improvements put on this property. She also asked for a sale of the lands. Defendants' demurrer was overruled and defendants appealed to the Supreme Court. The Supreme Court held she was not entitled to recover for improvements, as they were voluntarily made "and she knew she had only a life estate," but held she could maintain action for sale of the property for reinvestment, upon proper showing. Smith v. Suitt, 199 N.C. 5,153 S.E. 602. Subsequently Amanda C. Smith took a nonsuit in that action.
Amanda C. Smith died 5 March, 1939. In November, 1939, plaintiff, executor of her last will and testament, instituted this action claiming that she had acquired title in fee to this lot by survivorship, under the Ross deed. Defendants denied that Amanda C. Smith took any title under this deed, except right of dower, and further alleged that Amanda C. Smith and her executor were estopped by the judgments referred to.
Judgment of nonsuit was entered by the trial judge, who based his ruling upon both grounds set up in the answer.
Plaintiff appealed. *Page 631 
The court below ruled that plaintiff's action to establish title to the lot in question could not be maintained for two reasons, (1) because the deed to John W. Smith, upon which plaintiff based his claim, did not create an estate by the entireties so as to vest the title in Amanda C. Smith, the survivor, and (2) because in any event Amanda C. Smith was estopped by judgment from claiming title in fee. Plaintiff's appeal challenges the correctness of the court's ruling on both grounds.
1. The characteristics of an estate by the entireties were defined by Blackstone as follows: "If an estate in fee be given to a man and his wife they are neither properly joint tenants nor tenants in common; for the husband and wife being considered one person in law they cannot take the estate by moieties, but both are seized of the entirety per tout et non permy, the consequence of which is that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain in the survivor." 2 Bl., 182. The incidents of this anomalous estate were discussed by Walker, J., in Moore v. Trust Co., 178 N.C. 118,100 S.E. 269.
Did the Ross deed create an estate by the entireties in John W. Smith and Amanda C. Smith, his wife? The premises and the conveying clause of the deed designate the grantee as John W. Smith. The payment of the consideration by John W. Smith is acknowledged, and the conveyance is to John W. Smith and his heirs. In the habendum clause these words appear, "to the said John W. Smith and wife, Amanda C. Smith, and their heirs."
It may be observed that the technical rules anciently devised for the construction of the several parts of a deed are not to be strictly applied if to do so would defeat the obvious intention of the grantor. The principle is also established that for the purpose of ascertaining the intent of the maker all parts of the deed should be considered, but in doing so recognized canons of construction and settled rules of law may not be disregarded. Boyd v. Campbell, 192 N.C. 398, 135 S.E. 121; Heyer v.Bulluck, 210 N.C. 321, 186 S.E. 356; Williamson v. Cox, 218 N.C. 177,10 S.E.2d 662.
It was said by Adams, J., in Benton v. Lumber Co., 195 N.C. 363,142 S.E. 229, that the entire deed must be considered and such construction of particular clauses adopted as will effectuate the intention of the parties, and that if terms are contradictory the first in order will be given effect to the exclusion of the last. "As a rule if there are repugnant clauses in a deed the first will control and the last will be rejected." Boyd v. Campbell, supra; Seawell v. Hall, 185 N.C. 80,116 S.E. 189; 12 Am. Jur., 566; Wilkins v. Norman, 139 N.C. 40, 51 S.E. 797. *Page 632 
The usual office of the habendum in a deed is to define the extent of the ownership in the thing granted to be held and enjoyed by the grantee (26 C. J. S., 200, 431); to lessen, enlarge, explain, or qualify the estate granted in the premises (Seawell v. Hall, supra); but not to contradict or be repugnant to the estate granted therein (Bryan v. Eason, 147 N.C. 284,61 S.E. 71), though the habendum clause may control if it clearly appears the grantor so intended. Seawell v. Hall, supra; 84 A.L.R., 1050.
Ordinarily the habendum clause relates to the quantum of the estate, while the premises and the granting clauses designate the grantee and the thing granted. "The granting clause is the very essence of the contract," 16 Am. Jur., 567. Hence, where the name of the grantee, the thing granted, and the quantum of the estate are clearly defined in the granting clause, the habendum clause is not essential to the validity of the deed, and in case of repugnancy is to be rejected, unless it appears from the four corners of the deed that it was the intention of the parties that it should control. 84 A.L.R., 1054; 111 A.L.R., 1078.
In Hafner v. Irwin, 20 N.C. 570, the deed construed named one party as grantee, and in the habendum another party was named as trustee to effectuate the purposes expressed in the deed. It was held that the naming of a new grantee in the habendum could only be upheld "provided the estate given by the habendum to the new grantee was not immediate, but by way of remainder." It was also said: "But it (the habendum) cannot perform the office of divesting an estate already vested by the deed, for it is void if repugnant to the estate granted in the premises." This statement of the law was cited and applied in Blackwell v. Blackwell, 124 N.C. 269,32 S.E. 676. The distinction was stated by Ashe, J., in Blair v. Osborne,84 N.C. 417, where it was held that one not named in the premises may, nevertheless, take an estate in remainder by limitation in the habendum;
"that the habendum shall never introduce one who is a stranger to the premises to take as grantee, but he may take by way of remainder." This language was quoted with approval by Connor, J., in Condor v. Secrest,149 N.C. 201, 62 S.E. 921.
In Triplett v. Williams, 149 N.C. 394, 63 S.E. 79, it was decided that, in order to effectuate the intention of the grantor, the qualification or lessening of the estate by provisions in the habendum
limiting it to a life estate, with remainder over to the children of the grantee, should be upheld. And in Acker v. Pridgen, 158 N.C. 337,74 S.E. 335, it was said: "While a stranger to a deed cannot be introduced in the habendum clause to take as grantee, he can take in remainder by way of limitation when by construction of the entire instrument it appears that the intention of the parties is given effect." That a new party may be *Page 633 
named as grantee in the habendum who may take by way of limitation has been declared in numerous decisions. Jones v. Whichard, 163 N.C. 241,79 S.E. 503; Brown v. Brown, 168 N.C. 4, 84 S.E. 25; Williams v. Williams,175 N.C. 160, 95 S.E. 157; Johnson v. Lee, 187 N.C. 753,122 S.E. 839; Lee v. Barefoot, 196 N.C. 107, 144 S.E. 547. But that is not the question here. By the Ross deed John W. Smith was alone designated as grantee in the premises and in the conveying clause. In the habendum an additional person "a stranger to the premises" was for the first time introduced, not to take by way of remainder, but as an original grantee of a present interest.
While the undoubted trend of modern adjudication is to discard the artificial importance given certain clauses in deeds, and to adhere to the cardinal principle that a deed must be construed in its entirety in order to ascertain the intention of the parties (Jefferson v. Jefferson,219 N.C. 333, 13 S.E.2d 745; Midgett v. Meekins, 160 N.C. 42,75 S.E. 728; Triplett v. Williams, supra), the particular rule of construction applied in the cases cited has not been abrogated or modified so as to permit the interpretation which the plaintiff seeks to place upon the deed under which he claims.
From an examination of the several parts of the Ross deed, and consideration of the manner and form in which the conveyance was expressed, we are unable to find that it was the intention of the parties that an estate by the entireties should be thereby created. There was no evidence of mutual mistake, or mistake of the draftsman in drawing the deed under which plaintiff claims, nor was there allegation of other equitable ground upon which the action could be maintained.
The plaintiff cites Midgett v. Brooks, 34 N.C. 145. The point decided there was whether a covenant appearing only in the habendum clause should be given effect. It was held that while the words of covenant were out of place they should be given their legal effect, and the court said: "It is the office of the premises to specify the parties to the deed and the thing created; if, however, the name of the grantee appears for the first time in the habendum, it is sufficient." The correctness of the holding in that case is not controverted, but it is not to be held controlling in a case where the grantee is named in the premises and in the conveying clause, and a different grantee is introduced in the habendum.
The plaintiff cites, also, McLeod v. Tarrant, 39 S.C. 271,17 S.E. 773. In that case the deed in the premises named the husband as grantee but without words of inheritance, and in the habendum and again in the warranty clause the husband and his wife and their heirs were named. It was held that the premises gave the husband only a life estate, but that through the habendum and warranty clauses an estate in fee was *Page 634 
conveyed to the husband and wife, creating an estate by the entireties. It may be interesting to note that Chief Justice McIver dissented, and in his opinion cited Blair v. Osborne, 84 N.C. 417, and quoted therefrom the sentence, "The habendum in a deed shall never introduce one who is a stranger to the premises to take as grantee, but he may take by way of remainder."
2. The defendants' second line of defense seems equally unassailable. The question of plaintiff's title to the lot described has become resjudicata. He is estopped by the judgments set out in the record, which have been duly pleaded. Amanda C. Smith, plaintiff's testatrix, following the death of her husband, instituted proceeding for the allotment of dower in the lands of which he died seized. In her petition she described the parcels of real property of which he was owner in fee simple, including the very lot in question, and asked that her dower be allotted therefrom. These defendants, the only heirs at law, and the executors of John W. Smith, were made parties. The cause proceeded to judgment and her dower was assigned as prayed. Together, with several other parcels of real property, the lot in question was allotted to her as dower. The allotment was confirmed by proper decree, and Amanda C. Smith entered into possession of this lot as part of her dower, and so continued until her death some fifteen years later. The court had jurisdiction of the parties and of the subject matter. Its decree, rendered on the merits, was binding upon her and her successor in title. Her right of dower in the lot depended upon the title of John W. Smith which was adjudicated in that proceeding. It is fundamental that a final judgment, rendered on the merits, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to parties and privies, in all other actions involving the same matter. 30 Am.Jur., 908; 34 C. J., 742; Gay v. Stancell, 76 N.C. 369; Bruton v.Light Co., 217 N.C. 1, 6 S.E.2d 822; Jefferson v. Sales Corp.,ante, 76;Harshaw v. Harshaw, ante, 145; Current v. Webb, ante, 425.
It is well settled that the doctrine of res judicata is applicable to a proceeding under the statute for the allotment of dower. Gay v. Stancell,supra; Stocks v. Stocks, 179 N.C. 285, 102 S.E. 306. As the right of dower depended on the title of the husband, the judgment was conclusive between the parties, and the widow is estopped from setting up title to herself in land embraced in the proceeding and allotted to her as dower.Sigmon v. Hawn, 86 N.C. 310; Boyd v. Redd, 118 N.C. 680, 24 S.E. 356.
The record in this case shows there were other actions and proceedings between Amanda C. Smith and the heirs and personal representatives of John W. Smith relative to the lands of which he died seized, including the lot in question, wherein the title of the defendants, his heirs, was *Page 635 
admitted or was not denied. It may not be out of place to observe that while Amanda C. Smith took dower in the lot in question, and made no other claim during her lifetime, presumably the plaintiff in the exercise of his trust relationship as executor, upon examination of the Ross deed, deemed it his duty to obtain judicial determination of the question raised by the language of that instrument.
For the reasons herein fully set out, we conclude that the trial judge has ruled correctly, and that the judgment of the Superior Court must be
Affirmed.