LUTHER J. DAVIS, ALBERT LeROY DAVIS, MRS. JUANITA D. HAR-
GETT, ROBERT DAVIS, ALBERT H. DAVIS, THOMAS I. DAVIS, MRS.
MOLLIE D. BOYD, ARTIS DAVIS AND MRS. LOUIE DELL TOWNE,
PETITIONERS, v. MRS. JESSIE FLORINE FRAZIER BROWN, MRS.
SUSAN BEATRICE DAVIS GASKINS, HERVEY C. IPOCK, ARCHIE
DAVIS, AND CAROL YVONNE DAVIS, BERT JEFFERSON DAVIS AND
RUBY ELIZABETH DAVIS, MINORS, RESPONDENTS.

(Filed 10 November, 1954.)

**1. Deeds § 11—**

Ordinarily, in construing a deed it is the duty of the court to ascertain
the intent of the grantor or grantors as embodied in the entire instrument,
and each and every part thereof must be given effect if this can be done by
any fair or reasonable interpretation.

**2. Same—**

In arriving at the intent of the grantor, settled rules of construction
should be observed and enforced.

**3. Deeds § 13b—**

Where a conveyance is made to A and his children, and A has children
at the time the deed is executed, A and his children take as tenants in
common, but if A has no children at the time the deed is executed, A takes
an estate tail which is converted into a fee by G.S. 41-1.

**4. Same—**

Grantors executed a deed to their daughter and "her children or heirs."
At the time of the execution of the deed the daughter had no children.
*Held:* The deed conveyed an estate tail to the daughter, which estate is
converted into a fee simple by G.S. 41-1, and the daughter has power to
dispose of the property by will.

APPEAL by petitioners and infant respondents from *Martin, Special
Judge,* September Term, 1954, of CRAVEN.

Special proceeding instituted for partition of land.

1. The petitioners allege that they and the respondents Susan Beatrice
Davis Gaskins, Mrs. Jessie Florine Frazier Davis, and Carol Yvonne
Davis, Bert Jefferson Davis and Ruby Elizabeth Davis, minors, are ten-
ants in common and seized in fee simple and in possession of the three
tracts of land described in the petition.

2. That the interests of the petitioners and of the respondents in said
lands are as follows: Mrs. Jessie Florine Frazier Brown, Mrs. Susan
Beatrice Gaskins and Luther J. Davis each own an undivided one-fifth
of the whole thereof; Albert LeRoy Davis, Mrs. Juanita D. Hargett,
Robert Davis, Carol Yvonne Davis, Bert Jefferson Davis and Ruby Eliza-
beth Davis each own an undivided one-sixtieth thereof; Albert H. Davis
and Thomas I. Davis each own an undivided one-twentieth of the whole

Davis *v.* Brown.

thereof; Mrs. Mollie D. Boyd, Artis Davis and Mrs. Louie Dell Towne each own an undivided one-fifteenth of the whole thereof.

3. That petitioners are advised, informed and believe that respondents Hervey C. Ipock and Archie Davis mistakenly claim some interest in said lands.

4. The respondents, other than the minors hereinabove named, filed answers and alleged that on 8 February, 1906, E. Z. R. Davis and Mollie D. Davis, his wife (under whom the petitioners and the minor respondents claim), by warranty deed conveyed to their daughter, Myrtle LaMott Davis, a fee simple title to the three tracts of land described in the petition, subject to the life estate of each of the grantors, which deed was recorded 10 September, 1907, in the office of the Register of Deeds of Craven County.

5. In the granting clause of the above deed, the property is conveyed "to said Myrtle LaMott Davis and her children or heirs." The *habendum* reads as follows: "To have and to hold the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging to the said Myrtle LaMott Davis and her children her life and then to her children or heirs and assigns in fee simple forever"; while in the warranty the grantors "covenant with said party of the second part, her heirs and assigns . . ."

6. Mollie D. Davis died 7 October, 1910, and E. Z. R. Davis died 8 September, 1914. Myrtle LaMott Davis, the grantee in the aforesaid deed, upon the death of her father, went into possession of the three tracts of land and lived thereon until her death on 13 March, 1954.

7. Myrtle LaMott Davis first married J. F. Perry, who died. She thereafter married Hervey C. Ipock, who survives her. There were no children born of either marriage.

8. Myrtle LaMott Davis Perry Ipock left a last will and testament dated 27 October, 1951, which has been duly probated in the office of the Clerk of the Superior Court of Craven County. The testatrix devised her dwelling house and yard to her husband, Hervey C. Ipock, during his lifetime, then to her niece, Jessie Florine Frazier Brown. She devised another portion of the premises, consisting of 36 acres more or less, to the respondents, Jessie Florine Frazier Brown, and her sister, Susan Beatrice Davis Gaskins. The remainder of the premises was devised to her niece, Jessie Florine Frazier Brown, Susan Beatrice Davis Gaskins; her nephew, Archie Davis, respondents; and her brother, Luther J. Davis, one of the petitioners, to be equally divided among them.

9. W. J. Lansche, Jr., who was duly appointed guardian *ad litem* for Carol Yvonne Davis, Bert Jefferson Davis and Ruby Elizabeth Davis, the minor respondents, filed an answer in which he adopted the petition filed herein and asked for the same relief sought by the petitioners.

The respondents having filed answers raising issues of fact, this proceeding was transferred to the civil issue docket for trial. When the cause came on for hearing it was heard by the trial judge, by consent, without a jury, upon an agreed statement of facts, the pertinent parts of which are hereinabove set out.

The parties agreed that if the court should be of the opinion that the deed from E. Z. R. Davis and wife, Mollie D. Davis, dated 8 February, 1906, conveyed a fee simple title to Myrtle LaMott Davis, the grantee, judgment should be entered in favor of the devisees named in the will; but if the court should be of the opinion that said deed conveyed only a life estate to Myrtle LaMott Davis, the grantee, then judgment should be entered in favor of the petitioners and respondents as tenants in common as set forth in paragraph two hereinabove.

The court being of the opinion that the said deed conveyed to Myrtle LaMott Davis, the grantee, a fee simple title to the lands described therein, and that she had the right to devise said lands in her last will and testament, entered judgment accordingly. The petitioners and the minor respondents appeal, assigning error.

*Larkins & Brock, Wm. J. Lansche, Jr., and R. A. Nunn for appellants.*
*Lee & Hancock and Grantham & May for appellees.*

DENNY, J. Ordinarily, in construing a deed it is the duty of the court to ascertain the intent of the grantor or grantors as embodied in the entire instrument, and each and every part thereof must be given effect if this can be done by any fair or reasonable interpretation. *Featherston v. Merrimon,* 148 N.C. 199, 61 S.E. 675; *Triplett v. Williams,* 149 N.C. 394, 63 S.E. 79, 24 L.R.A. (N.S.) 514; *In re Dixon,* 156 N.C. 26, 72 S.E. 71; *Acker v. Pridgen,* 158 N.C. 337, 74 S.E. 335; *Midgett v. Meekins,* 160 N.C. 42, 75 S.E. 728; *Seawell v. Hall,* 185 N.C. 80, 116 S.E. 189; *Boyd v. Campbell,* 192 N.C. 398, 135 S.E. 121; *Jefferson v. Jefferson,* 219 N.C. 333, 13 S.E. 2d 745; *Bryant v. Shields,* 220 N.C. 628, 18 S.E. 2d 157. However, in arriving at the intent of the grantor in a deed, we must not lose sight of the principle that when rules of construction have been settled they should be observed and enforced. *Boyd v. Campbell, supra; Bagwell v. Hines,* 187 N.C. 690, 122 S.E. 659.

It is settled law with us that when a conveyance is made to A and his children, if A has children when the deed is executed, he and they take as tenants in common. *Cullens v. Cullens,* 161 N.C. 344, 77 S.E. 228, L.R.A. 1917B, 74. But if A has no children when the deed is executed, he takes an estate tail which, under our statute, is converted into a fee. G.S. 41-1; *Cole v. Thornton,* 180 N.C. 90, 104 S.E. 74; *Boyd v. Campbell, supra. Cf. Martin v. Knowles,* 195 N.C. 427, 142 S.E. 313.

In *Boyd v. Campbell, supra,* the granting clause was, "To the said Pleas Clodfellow, his children and then to his grandchildren forever and heirs and assigns." The *habendum* was, "To the said Pleas Clodfellow, to him and his children, their lives, heirs and assigns, and then to his grandchildren forever, only use and behoof forever." Clodfellow had no children when the deed was executed and this Court held that he took a fee tail which, under C.S. 1734 (now G.S. 41-1), was converted into a fee.

Likewise, Myrtle LaMott Davis had no children when the deed was executed to her; therefore, she obtained an estate tail which the statute converted into a fee simple title, subject to the life estate of her parents, the grantors. Hence, the judgment of the court below is

Affirmed.