MRS. INA H. ROUSE, CARL B. RICHARDSON, CHARLES H. RICHARD-SON, MRS. MARTHA R. WHITE, MRS. CHRISTINE R. JOYNER, MRS. JOSEPHINE R. WRIGHT, BRUCE M. RICHARDSON, E. E. RICHARD-SON, W. H. MANN, WILLIAM H. MANN, JR., MAE MANN, ANNIE J. MANN, CAROLYN MANN, BEULAH MANN v. JACKSON W. STRICK-LAND, SR., AND B. R. ALFORD AND J. M. ALFORD, PARTNERS TRADING AS ALFORD BROTHERS LUMBER COMPANY.

(Filed 20 November 1963.)

1. Deeds § 11—

Unless in conflict with some canon of construction or settled rule of law, a deed must be construed to effectuate the intent of the parties as expressed in the instrument, giving effect to each part thereof if this can be done by any fair and reasonable interpretation.

**2. Deeds § 13—**

The deed in this case from the heirs at law to the widow stated that grantors did "bargain and sell" to the widow "all our right, title, and interest in fee simple" in three described tracts of land, and, that the grantors did convey to the widow for and during her natural life certain other lands described, in satisfaction of all dower rights of the widow in the lands of the estate. *Held:* The deed contained two separate granting clauses, each complete within itself, and the deed conveyed only an estate for life to the widow in the fourth tract.

**3. Same—**

The heart of a deed is the granting clause, and if there is a repugnacy between the granting clause and the habendum and warranty, the granting clause prevails.

APPEAL by defendants from *Bickett, J.,* April-May 1963 Session of FRANKLIN.

Plaintiffs alleged they owned in remainder, after a life estate for the life of Mrs. Ella S. Mann, a tract of land in Franklin County, N. C., known as the J. T. Mann homeplace, containing 218 acres, more or less; that defendant Strickland acquired said life estate by deed from Mrs. Ella S. Mann; and that defendant Strickland and defendants Alford, jointly, committed waste upon said land by cutting and removing timber. Plaintiffs prayed (1) that they be adjudged the owners of said land, (2) that said life estate be adjudged forfeited on account of waste, and (3) that they recover damages in an amount not less than $5,000.00.

Answering, defendants denied all allegations as to plaintiffs' ownership of said land and alleged that defendant Strickland, by virtue of the deed from Mrs. Mann, became and is now the sole owner in fee of said land.

It was stipulated that the value of said J. T. Mann homeplace had been reduced in the amount of $3,500.00 by reason of the cutting and removal of timber "as alleged in the complaint."

Upon waiver of jury trial, the court made findings of fact, stated conclusions of law and entered judgment. The pertinent facts are not in dispute and are set forth below.

J. T. Mann died April 7, 1936, intestate, seized and possessed of the four tracts of land described in deed dated October 21, 1936, recorded in Book 330, Page 593, Franklin County Registry, quoted (omitting particular descriptions) below and referred to hereafter as the 1936 deed. J. T. Mann was survived by his widow, Mrs. Ella S. Mann, and by two sisters and two brothers, his heirs at law, namely, Mrs. Kate Mann Richardson, Mrs. Ina Mann Harriss, T. W. Mann and W. Y.

Mann. The said heirs at law are grantors and Mrs. Ella S. Mann is grantee in the 1936 deed.

Plaintiffs are the successors in interest of said heirs at law of J. T. Mann. Mrs. Ella S. Mann is still living.

The said J. T. Mann homeplace, the only land in controversy, is the "4th TRACT" described in the 1936 deed.

The 1936 deed provides:

> "THIS DEED AND CONVEYANCE, made this 21st day of October 1936, by and between Mrs. Kate M. Richardson and husband, C. F. Richardson, Mrs. Ina M. Harris, Widow, of Franklin County, North Carolina, T. W. Mann and wife, Bettie U. Mann, of Wake County, North Carolina, and W. Y. Mann and wife, Mary N. Mann, of the City of Carlisle, State of Arkansas, parties of the first part, to Mrs. Ella S. Mann, of Franklin County, North Carolina, party of the second part:

> "WITNESSETH: That whereas, the aforesaid parties of the first part are the heirs at law and next of kin of J. T. Mann, deceased intestate, and the said party of the second part is the widow of said J. T. Mann, deceased; and whereas, said tenants in common and widow of said J. T. Mann have mutually agreed on a disposition of the real estate of which the said J. T. Mann died seized and possessed, and said parties of the first part are desirous of conveying said property hereinafter described to the said party of the second part:

> "NOW, THEREFORE, WITNESSETH, that said Mrs. Kate M. Richardson and husband, C. F. Richardson, Mrs. Ina M. Harris, widow, T. W. Mann and wife, Bettie U. Mann, W. Y. Mann and wife, Mary N. Mann, for and in consideration of the sum of $1175.00, which has been mutually agreed upon as the purchase price to be paid by the party of the second part to the parties of the first part, the receipt of which is hereby acknowledged, have bargained and sold, and by these presents do grant, bargain, sell and convey unto the said Ella S. Mann, her heirs and assigns, the following described land:

> "1st TRACT: All of our right, title and interest in fee simple in and to that certain tract or parcel of land situate in the County of Franklin, State of North Carolina, adjoining the lands of Floyd Harris and others, . . .

> "2nd TRACT: All of our right, title and interest in fee simple in and to that certain tract or parcel of land lying and being in

Harris Township, Franklin County, bounded on the North, East and West by the land of Dr. R. P. Floyd and on the South by the Joe C. Baker land, . . .

"3rd TRACT: All of our right, title and interest in fee simple in and to that certain tract or parcel of land in Franklin County, State of North Carolina, adjoining the lands of Blanche Timberlake and others, . . .

"4th TRACT: The parties of the first part convey to the party of the second part a life estate for and during the natural life of Ella S. Mann in and to the J. T. Mann homeplace, said conveyance of a life estate in said homeplace being mutually agreed to and accepted by Ella S. Mann, Widow, in full and complete satisfaction and settlement of any and all dower rights in and to the lands of which J. T. Mann died seized. Said homeplace described by metes and bounds as follows, to-wit: . . .

"TO HAVE AND TO HOLD the aforesaid tracts or parcels of land and all privileges and appurtenances thereto belonging, to the said Ella S. Mann, her heirs and assigns, to her only use and behoof forever.

"And the said Mrs. Kate M. Richardson and husband, C. F. Richardson, Mrs. Ina M. Harris, Widow, T. W. Mann and wife, Bettie U. Mann, W. Y. Mann and wife, Mary N. Mann, for themselves and their heirs, executors and administrators, covenant with said Ella S. Mann, party of the second part, her heirs and assigns that they are seized of the interest conveyed in said premises in fee and have the right to convey the respective interests conveyed under this deed in fee simple; that the same are free and clear from all encumbrances, and that they do hereby forever warrant and will forever defend the title hereunder conveyed to the said· premises as conveyed against the claims of all persons whomsoever.

"IN TESTIMONY WHEREOF, the said Mrs. Kate M. Richardson and husband, C. F. Richardson, Mrs. Ina M. Harris, widow, T. W. Mann and wife, Bettie U. Mann, W. Y. Mann and wife, Mary N. Mann, have hereunto set their respective hands and seals, the day and year first above written."

By warranty deed dated September 17, 1960, recorded in Book 569, Page 62, said Registry, Mrs. Ella S. Mann conveyed or purported to convey to defendant Strickland, his heirs and assigns, the land described as the "4th TRACT" in the 1936 deed.

Judge Bickett, based upon the foregoing facts and his conclusions of law, entered judgment as follows:

"NOW, THEREFORE, IT IS BY THE COURT ORDERED, ADJUDGED AND DECREED:

"1. That the plaintiffs are the owners of and entitled to the remainder, after the life estate of Ella S. Mann, in the 218-acre homeplace described in the deed referred to above.

"2. That the plaintiffs have and recover of the defendants Jackson W. Strickland and B. R. and J. M. Alford, trading as Alford Brothers Lumber Company, jointly and severally, the sum of $3,-500.00 as damages for said waste as alleged in the complaint.

"3. It is further ordered that the plaintiffs have and recover of the defendants jointly and severally the cost of this action as taxed by the Clerk."

Defendants excepted and appealed.

*John F. Matthews and Hill Yarborough for plaintiff appellees.*

*E. C. Bulluck and Yarborough & Jolly for defendant appellant Strickland.*

*W. H. Taylor for defendant appellants Alford.*

BOBBITT, J.   The sole question is whether the court erred in concluding that the 1936 deed conveyed to Mrs. Ella S. Mann only a life estate in the land described therein as the "4th TRACT," to wit, the J. T. Mann homeplace.

"Ordinarily, in construing a deed it is the duty of the court to ascertain the intent of the grantor or grantors as embodied in the entire instrument, and each and every part thereof must be given effect if this can be done by any fair or reasonable interpretation." *Davis v. Brown,* 241 N.C. 116, 118, 84 S.E. 2d 334, and cases cited; *Franklin v. Faulkner,* 248 N.C. 656, 659, 104 S.E. 2d 841.

The title to all lands of which J. T. Mann was seized and possessed at the time of his death descended to and vested in his heirs subject to his widow's right of dower. The 1936 deed was executed approximately six and one-half months after the death of J. T. Mann. It recites that the heirs and widow of J. T. Mann had "mutually agreed on a disposition of the real estate of which the said J. T. Mann died seized and possessed." In the clause beginning, "NOW, THEREFORE, WITNESSETH," the grantors, "for and in consideration of the sum of $1175.00, which has been mutually agreed upon as the purchase price

to be paid by the party of the second part to the parties of the first part," granted, bargained, sold and conveyed unto Mrs. Ella S. Mann, her heirs and assigns, "the following described land." Immediately thereafter the descriptions of the "1st TRACT," the "2nd TRACT" and the "3rd TRACT" are set forth. Each of these descriptions begins as follows: "All of our right, title and interest *in fee simple* in and to that certain tract or parcel of land . . ." (Our italics). Preceding the description of the "4th TRACT," the 1936 deed provides: "The parties of the first part convey to the party of the second part *a life estate for and during the natural life of Ella S. Mann* in and to the J. T. Mann homeplace, said conveyance of *a life estate in said homeplace* being mutually agreed to and accepted by Ella S. Mann, Widow, in full and complete satisfaction and settlement of any and all dower rights in and to the lands of which J. T. Mann died seized." (Our italics).

When all parts of the 1936 deed are considered, it is manifest the following was intended: (1) The *sale and conveyance* by the heirs to the widow of the fee in the "1st TRACT," the "2nd TRACT" and the "3rd TRACT," in consideration of the purchase price of $1,175.00; and (2) the *conveyance* by the heirs to the widow of a life estate in the "4th TRACT" in consideration of the widow's acceptance thereof in lieu of dower. This intention of the grantors to convey only a life estate in the "4th TRACT" controls decision unless "in conflict with some unyielding canon of construction, or settled rule of property, or fixed rule of law, or is repugnant to the terms of the grant." *Griffin v. Springer,* 244 N.C. 95, 98, 92 S.E. 2d 682, and cases cited; *Cannon v. Baker,* 252 N.C. 111, 113, 113 S.E. 2d 44; *Lackey v. Board of Education,* 258 N.C. 460, 462, 128 S.E. 2d 806.

It is well settled that "(t)he heart of a deed is the granting clause." *Griffin v. Springer, supra,* and cases cited. This is stressed by plaintiffs and by defendants.

Defendants contend the 1936 deed contains (only) *one* granting clause, namely, the clause beginning "NOW, THEREFORE, WITNESSETH;" that this clause conveys "the following described land," including the land described as the "4th TRACT," to Mrs. Ella S. Mann, her heirs and assigns; and that the provisions of the habendum and warranty clauses support this contention. Defendants cite and rely upon *Oxendine v. Lewis,* 252 N.C. 669, 114 S.E. 2d 706, and cases cited therein.

The premise upon which defendants base their said contention is unsound. We think it clear the 1936 deed contains *two* granting clauses. Each is separate and distinct from the other and each is com-

plete within itself. The clause beginning, "NOW, THEREFORE, WIT-NESSETH," is the first granting clause. It conveys *the fee* in the "1st TRACT," the "2nd TRACT" and the "3rd TRACT." The second granting clause conveys a life estate in the "4th TRACT." Each clause (1) designates the grantors and the grantee, (2) describes the land conveyed, (3) contains operative words of conveyance, (4) sets forth the consideration for the conveyance, and (5) defines the *quantum* of the estate conveyed. See *Griffin v. Springer, supra,* and cases cited. The two clauses are not inconsistent or repugnant. They simply relate to different lands.

If the habendum and warranty clauses were considered in conflict therewith, the second granting clause (relating specifically to the J. T. Mann homeplace) would control decision. *Griffin v. Springer, supra,* and cases cited. Here, the provisions of the habendum and the warranty clauses may be reconciled completely with the provisions of the first granting clause. It would seem the provisions of the habendum and warranty clauses were intended to apply only to the lands conveyed in the first granting clause and therefore should not be considered in conflict with the second granting clause.

Being in agreement with the ruling of Judge Bickett that the 1936 deed conveyed only a life estate (for the life of Mrs. Ella S. Mann) in the lands described therein as the "4th TRACT," to wit, the J. T. Mann homeplace, the judgment of the court below is in all respects affirmed.

Affirmed.